ALLEN M. BABINEAUX, Judge Pro Tem.
The defendant, Terry Goodly, appeals the sentence imposed by the district court upon his conviction of operating a vehicle while intoxicated, third offense. The defendant specifies as error that the sentence is both excessive and illegal. We affirm.
The defendant was charged by bill of information with operating a vehicle while intoxicated, fifth offense, driving under suspension, and driving after being declared a habitual offender. Pursuant to a plea agreement, the state amended the bill of information charging the defendant with operating a vehicle while intoxicated, third offense. The additional charges which had been filed were dropped.
The defendant entered a plea of guilty on February 25, 1985. A joint recommendation of sentence was submitted to the district court. It provided essentially for a three year sentence, suspended on the condition that the defendant serve six months in the parish jail. The record indicates the district judge expressed particular concern for the leniency of the recommended sentence in view of the circumstances which had been presented to him. At the judge’s request sentencing was delayed until the following day.
On February 26, the district judge sentenced the defendant to serve three years with the Department of Corrections. It was ordered that the entire sentence be served without benefit of parole. Sentence was imposed pursuant to the provisions of LSA-R.S. 14:98(D). That section provides:
“On a third conviction, regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and my be fined not more than one thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole, or suspension of sentence, the court shall require the offender to participate in a court-approved substance abuse program and/or participate in a court-approved driver improvement program.”
The defendant’s contention that the sentence imposed is excessive is without merit. The sentence is within the limitations of LSA-R.S. 14:98(D). The record indicates the district court was very concerned with the defendant’s prior convictions for operating a vehicle while intoxicated, which had all occurred in a relatively short period of time. The sentence imposed is amply supported by the record and, accordingly, we find no error.
The defendant’s argument that the sentence is illegal is equally without merit. We find no ambiguity in the provisions of LSA-R.S. 14:98(D). The defendant’s reliance on State v. Boowell, 406 So.2d 213 (La.1981) is misplaced. The wording of LSA-R.S. 14:62.2 which was discussed in Boowell is distinguishable from the language found in LSA-R.S. 14:98(D). We find that Boowell is inapplicable in the present case. The language in LSA-R.S. 14:98(D) is clear that upon a third conviction of operating a motor vehicle while intoxicated, a minimum sentence of six months must be served without benefit of parole. It is equally clear from the language in the statute that six months is not the maximum sentence which may be imposed without benefit of parole. We find *1282 no ambiguity as contended by the defendant.
Accordingly, the sentence imposed by the district court is affirmed. The appellant shall pay the costs of this appeal.
AFFIRMED.