PER CURIAM.
A 59-year-old alcoholic insurance agent-businessman and community leader, whose DWI arrests had averaged about one a year for a dozen years, appeals his sentence to 10 years at hard labor after pleading guilty to a DWI fourth offense. L.R.S. 14:98 E.
Defendant was last arrested in 1985 on three occasions, March 7 by West Monroe PD, March 13 by Monroe PD, and May 15 by State Police, and in each instance was charged with DWI third offense. He bargained to plead guilty to DWI second offense on one charge and to DWI fourth offense on another. He received a six-month jail sentence for the DWI second plea, concurrent with the minimum 10-year hard labor sentence for the DWI fourth plea.
Defendant contends that because of his addictive illness, his personal, business, family, and community service record during periods of sobriety, his successful completion of more than nine months in an alcoholic treatment program by the time he was sentenced on October 17,1986, and the fact that he had taken positive steps to rehabilitate himself and control his addiction, he, as a first felony offender, should have been granted a suspended sentence with supervised probation.
The trial court did not abuse its discretion in declining to suspend the sentence and place defendant on supervised probation. C.Cr.P. Art. 893. We adopt the trial court’s reasons for sentence and affirm.
Defendant’s medical expert opined that about 75 percent of the alcoholics successfully overcome and learn to control their addiction within a few months under the type of treatment defendant has been undergoing. Another 15 percent, after several “slips” over a lengthy period of time, will also be successful. The remaining 10 percent who attempt the program will “die drunk.” We recognize, of course, that defendant is a victim of the disease of alcoholism and accept that he may have at least a 90 percent chance of being a recovering alcoholic. See discussion in State v. Pugh, 369 So.2d 1308 (La.1979).
Nonetheless, and apparently as a matter of strategy, defendant, who was billed for three DWI third felony offenses and for several misdemeanors, bargained with the State to achieve the status of a first felony offender by pleading guilty to the DWI fourth offense. Defendant’s counsel told the court:
Yes, sir, there are several habitual driving violations related to his DWI arrests in the nature of speeding and drunk and disorderly and this sort of thing. All of those charges will be dismissed and he will tender a plea of guilty to one count of second offense DWI and will plead guilty to one count of fourth offense DWI. There are pending at this time three DWI “threes” and they are being handled in this way.
The State added:
Your honor, also as a part of that plea agreement, ... the State has agreed not to pursue a probation revocation in those [past DWI suspended] misdemeanors.
*632 The trial court told defendant what his sentence exposure was and that his sentences could be made to run consecutively or concurrently. Suspension of sentence was not expressed as a consideration in the plea bargain by defendant, the State, or by the court, although that option was legally afforded to the court by C.Cr.P. Art. 893. A plea bargain which results in substantial benefits to a defendant is a legitimate sentencing consideration. State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985).
The law does not require a trial court to pronounce suspension and probation for a first felony offense. The court may consider, weigh, and balance all factors and evidence that are important to sentencing goals, the public interest, and to the individual circumstances of the defendant and his particular criminal conduct. State v. McKethan, 459 So.2d 72 (La. App.2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). CCrP Art. 894.1 provides guidelines for this function. See La-Fave & Scott, Criminal Law, Chap. 1, § 5, Theories of Punishment, pp. 21-25.
The trial court sentenced defendant to the minimum 10 years at hard labor for the DWI fourth offense. Defendant does not argue that the statutory minimum is unconstitutionally excessive. State v. Beavers, 382 So.2d 943 (La.1980). We find that the sentence is not grossly out of proportion to the gravity of defendant’s conduct and is not a purposeless or needless imposition on the defendant when sentencing goals and guidelines are considered.
If defendant had been convicted of a third offense DWI, a relative felony, the trial court would have not had discretion to suspend all of the sentence. At least six months of the sentence [with or without hard labor for not less than one nor more than five years] shall be without benefit of probation, parole, or suspension. LRS 14:98 D. Defendant faced three such charges. Defendant’s plea arrangement limited the trial court to a sentence of 10 to 30 years at hard labor while achieving the opportunity for the trial court to suspend whatever sentence that was imposed.
Notwithstanding eloquent pleas for leniency on behalf of defendant from about 20 area luminaries such as incumbent or retired public officials, judges, prosecutors, bank presidents, medical practitioners, and business executives, the trial court exercised the discretion which defendant so artfully provided and chose not to suspend defendant’s sentence and place him on probation. We attach and adopt the trial court’s stated reasons for the sentence. Those reasons and the record support the sentence and the discretion exercised by the trial court.
Defendant’s sentence is AFFIRMED.
ON APPLICATION FOR REHEARING
Before HALL, MARVIN, SEXTON, LINDSAY and JASPER E. JONES, JJ.
Rehearing denied.
TRIAL COURT’S REASONS FOR SENTENCING
Edited and with paragraphs supplied. BY THE COURT: I received a very extensive Pre-Sentence Report on you, Mr. Inabnet. Your attorney has also furnished the Court with information submitted on your behalf in aid of sentencing. I have reviewed all of that in detail. I think we can ... the Court can summarize much of this by stating that the ... by your own admission and acknowledgment, that for many years you had a very severe alcohol abuse problem. That you are an alcoholic. And that since December of 1985, you have, for the first time, taken some positive steps in an effort to be cured and to get your life under control. A life that has been out of control for many many years. The Pre-Sentence Report tells me that you have a substantial history of D.W.I.’s or prior alcohol offenses....
January the 11th, 1973, Monroe Police Department, D.W.I., $400.00 and cost. June 18th, 1975, Louisiana State Police, $300.00 and cost. March 29, 1978, arrested by the Monroe Police Department. Fined $500.00 and cost plus 125 days. 125 days was suspended on general good *633 behavior. Same year, July 17th, 1978, Monroe Police Department, arrested for D.W.I. November 17th of 1978 the fine of $500.00 and cost' was imposed plus 125 days, which 125 days was suspended on terms of general good behavior. April the 1st of 1981 you were arrested by the West Monroe Police Department for D.W.I. April the 7th of 1982 you were given a six month jail sentence and that was suspended and you were placed on two years probation. After your arrest on April the 1st of 1981 you were arrested six days later by the Sheriffs Office of Ouachita Parish for D.W.I. On April the 7th of 1982 you got six months in jail on that charge. That was suspended and you were given two years probation. Then on October the 19th of 1984 you were arrested by the Sheriffs Office and charged with D.W.I. March 7th, 1985, arrested by the West Monroe Police Department, charged with D.W.I. March 13, 1985, arrested by the Monroe Police Department. Charged with D.W.I., simple battery of a police officer, resisting an officer, driving under revocation. May the 15th of 1985 arrested by the State Police, charged with D.W.I. and other offenses.
The report also tells me, and the Court is well aware of the fact that you have during your life been a successful business man, prominent citizen. I note that in reading all of the material that was furnished the Court, that being an alcoholic and drinking is one thing, but drinking and getting behind the wheel of an automobile is something else.... Driving while under the influence of alcohol is a nationwide problem of epidemic proportions_ This is your first conviction for a felony offense. With regard to these ten arrests for D.W.I.’s, as we well know, those are the only times that you were actually apprehended. By your own admission, there were many many more times when you were driving while you had been drinking. I considered your case under the [CCrP Art.] 894.1 guidelines, the eleven factors. Some of them are in your favor, some of them are against you.
[[Image here]]
As an aggravating circumstance I find that ... and I have gone over it with you, your prior record of this offense. As mitigating circumstances I find that you have acknowledged your problem and that you have begun to deal with that. I also note that apparently other than perhaps going through the booking procedure, that you have not been incarcerated one day for these prior offenses. I find that you are in need of some correctional treatment in a custodial environment that can be most effectively provided by your commitment to an institution.
Notwithstanding your acknowledgment and treatment of your problem. Alcoholics will always say there’s always the chance and opportunity that an individual will drop off back into his old ways. So, I feel that there is some risk during a period of a suspended sentence or probation you would commit another crime. And a lesser sentence would deprecate the seriousness of your offense. It is therefore the sentence of this Court ... Against this sentence, the Court will grant you credit for each day that you have spent as an inpatient in an alcohol or drug therapy treatment hospital or center.