MARVIN, Judge.
A three-year hard labor sentence, six months of which is without parole or probation under the mandate of LRS 14:98(D), plus a fine of $1,000, is not constitutionally excessive for a 65-year-old chronic abuser of alcohol,
—who was convicted of DWI 3d offense within a year after pleading guilty to a charge of DWI 2d offense (reduced from a DWI 3d offense),
—who, over a period of 20 years, had a record of five DWI convictions and other arrests and convictions which were alcohol-connected, and
who had no children and was separated from his wife,
notwithstanding the presence of mitigating factors which include his inability to be gainfully employed and his poor health. Defendant bargained to plead guilty to DWI 3d and other serious charges against him were dismissed.
We adopt the trial court s reasons for the less-than-maximum sentence, which we find are amply supported by the record and the PSI, and which fully comply with the statutory sentencing guidelines. Compare DWI sentences in State v. Parker, 423 So.2d 1121 (La.1982); State v. Richardson, 463 So.2d 853 (La.App.2d Cir.1985); State v. Goodly, 487 So.2d 1280 (La.App.3d Cir.1986). See also State v. Inabnet, 512 So.2d 630 (La.App.2d Cir.1987). Defendant’s sentence is
AFFIRMED.