638 So.2d 1212 (1994)
STATE of Louisiana
v.
Leroy SMITH, Sr.
No. 93 KA 1490.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*1213 Stephen P. Callahan, Asst. Dist. Atty., Houma, for plaintiff-appellee.
Kevin D. Thompson, Houma, for defendant-appellant.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Leroy Smith, Sr. (defendant), was charged by bill of information with third offense driving while intoxicated (DWI). LSA-R.S. 14:98. He pled not guilty and, after trial by jury, was convicted as charged. The court sentenced him to serve a term of 18 months imprisonment at hard labor, with "[a]t least the first six (6) months of the sentence" being served without benefit of probation, parole, or suspension of sentence. The court credited defendant with time served. Defendant has appealed, urging three assignments of error.

*1214 FACTS

On December 22, 1991, at 11:13 p.m., Louisiana State Trooper Allen Moss was notified of a single-car accident on Louisiana Highway 311 near Houma. The accident was reported by Brent Pellegrin, an ambulance driver who noticed a vehicle in the ditch. Pellegrin also observed an adult man exit the driver's side of the car. Pellegrin reported the accident, ascertained there were no injuries, and then remained at the scene until the police arrived.
When Moss arrived, he observed a 1981 Ford Thunderbird in the ditch facing away from the highway and positioned perpendicular to the roadway. Moss concluded the vehicle had been southbound before it left the roadway at a gradual angle, lost control, and came to rest in the ditch. In addition to Pellegrin, defendant and defendant's 13-year-old son, Timothy Smith, were at the scene.
When Moss first came into contact with defendant, he smelled the odor of alcoholic beverages. According to Moss, defendant's speech was slurred and deliberate, his eyes were bloodshot, and he staggered when he walked. Moss interviewed defendant at the scene. Defendant admitted to Moss he had consumed four beers. When Moss asked defendant who had been driving the vehicle, defendant said his son. Moss also interviewed Timothy. When Moss asked Timothy who had been driving, Timothy said he had. After talking to Pellegrin, Moss looked at the interior of the car and saw that the driver's seat was pushed all the way back so that Timothy would have been unable to reach the pedals. Moss concluded defendant had been driving the car, arrested him for driving while intoxicated, handcuffed him, and placed him in the police unit. Defendant was uncooperative and aggressive while being handcuffed.
Concerned that Timothy had been intimidated by his father, outside defendant's presence Moss again asked Timothy who had been driving the vehicle. This time, Timothy replied that he had been in the passenger's seat.
Moss took defendant to Troop C headquarters, where he asked defendant to take a field sobriety test and a breath test. Moss described defendant's poor performance on the field sobriety test (one-leg stand, the heel-to-toe test, and the gaze-nystagmus test) and stated the test results indicated to him that defendant was intoxicated. Defendant refused to take the breath test.
At trial, Timothy testified that he did not see his father drink any alcohol that day; that his father did not have any alcohol in the car; that he had been driving the car at the time of the accident; that he and his father had been at his grandmother's house that night; that when they decided to drive home his father was sleepy as the result of medication and wanted him to drive; that it had been raining and the road was slippery; that when he speeded up to 65 miles per hour, he lost control of the vehicle and ran into the ditch; that he did not have a driver's license, but had started driving when he was 12, regularly drove the car, and did not know he needed a license; that after the accident, his father got into the driver's seat and, with the engine running, tried to get the car out of the ditch; that since one of the wheels was not touching the ground, his father was unsuccessful; and that the ambulance driver arrived when his father was getting out of the car on the driver's side after having tried to move the car out of the ditch. Timothy further testified he told the trooper conflicting stories about who had been driving the car at the time of the accident; that he first told the trooper his father had been driving, but after he saw his father was being arrested he told the trooper he (and not his father) had been driving; and (to explain his contradictory statements) that he was nervous and scared when he told Moss his father was driving the car because Moss was "fussing" at him and "turning red."
Testifying in his own defense, defendant claimed his son was driving when the accident occurred. Defendant acknowledged that, after the accident, he unsuccessfully tried to drive the car out of the ditch. At trial, he denied having told Moss he had drunk four beers. According to defendant, the only alcohol he drank that day was one *1215 beer early in the morning. During his testimony, defendant admitted having two previous DWI convictions. He stipulated he was the same person reflected in court records introduced by the State. These records showed a DWI conviction on March 9, 1988, for an offense occurring on December 26, 1987, and a DWI conviction on January 19, 1989, for an offense occurring on October 4, 1988.

INSUFFICIENT EVIDENCE (ASSIGNMENTS OF ERROR ONE AND TWO)
In these assignments of error, defendant complains of the court's denial of his motion for post verdict judgment of acquittal and attacks the sufficiency of the State's proof that he committed this offense.
In reviewing claims challenging the sufficiency of the evidence, this court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See also La.C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
In State v. Lindinger, 357 So.2d 500 (La.1978), the Louisiana Supreme Court emphasized that, under Louisiana Revised Statute 14:98, the State must prove the accused operated a vehicle while intoxicated. However, the statute does not require proof that the defendant was driving a vehicle, and the jurisprudence recognizes that the term "operating" is broader than the term "driving." See City of Bastrop v. Paxton, 457 So.2d 168, 169 (La.App. 2d Cir.1984). The court stated in State v. Johnson, 580 So.2d 998, 1001 (La.App. 3d Cir.1991): "In order to operate a motor vehicle, the defendant must have exercised some control or manipulation over the vehicle, such as steering, backing, or any physical handling of the controls for the purpose of putting the car in motion." It is not necessary that these actions have any effect on the engine, nor is it essential that the car move in order for the State to prove the element of operation. See State v. Brister, 514 So.2d 205, 207 (La.App. 3d Cir.1987).
Although both defendant and his son testified that the son was driving the car at the time of the accident, both acknowledged that, after the accident, defendant got into the driver's seat and tried to drive the car out of the ditch. One of the tires was not touching the ground so defendant was unsuccessful in his effort to move the car. He was jacking it up when Moss arrived. Under these circumstances, it is unnecessary for us to evaluate the sufficiency of the State's proof that defendant operated the vehicle before the accident. The evidence clearly establishes defendant operated the car when he tried to drive it out of the ditch. The DWI statute does not limit the prohibition of driving while intoxicated to driving on state highways, and evidence of operating a vehicle while intoxicated, even in the ditch, constitutes evidence of the offense. See State v. Layssard, 310 So.2d 107, 110 (La.1975).
Although defendant does not specifically challenge the sufficiency of the State's proof that he was intoxicated, we note that the observations Trooper Moss made of defendant's breath, speech and walking, his poor performance on the field sobriety tests, his refusal to take the breath test, his admission to Moss that he had consumed four beers, and his uncooperative and aggressive attitude after his arrest support the jury's conclusion that defendant was intoxicated. At trial, defendant appeared to try to excuse his behavior by explaining he had taken medication for his "nerves" and was tired and sleepy. However, when viewed in the light most favorable to the prosecution, the evidence established beyond a reasonable doubt that defendant was intoxicated. See State v. Breitung, 623 So.2d 23, 26-27 (La.App. 1st Cir.), writ denied, 626 So.2d 1168 (La.1993). See also State v. Kent, 610 So.2d 265, 267 (La.App. 5th Cir.1992) (an officer's subjective opinion that a subject failed a field sobriety test may constitute sufficient evidence of intoxication to support a DWI conviction).
These assignments of error are without merit.

EXCESSIVE SENTENCE (ASSIGNMENT OF ERROR NUMBER 3)
Defendant argues his sentence is constitutionally excessive. In reviewing the record *1216 for patent error, we have found error which requires us to vacate the sentence and remand for resentencing. Thus, we need not consider the merits of this assignment of error. Upon remand, if defendant again desires to seek review of the sentence imposed, he should make or file a motion to reconsider sentence in compliance with the requirements of Louisiana Code of Criminal Procedure article 881.1.
The court is required to impose a determinate sentence. Code of Criminal Procedure article 879. Here the court sentenced defendant to eighteen months imprisonment at hard labor and stated that "[a]t least the first six (6) months of the sentence shall be without benefit of probation, parole or suspension of sentence." This sentence gives no basis for determining when defendant might be eligible for parole since it fixes no maximum for the period of time to be served without parole eligibility. See State v. Orgeron, 512 So.2d 467, 471 (La.App. 1st Cir.1987), writ denied, 519 So.2d 113 (La.1988). For a third offense DWI conviction, a minimum of six months must be served without benefit of parole, probation, or suspension of sentence. However, six months is not the maximum term which may be imposed without benefit of parole, probation, or suspension of sentence, and the trial court must state the specific period of time to be served in this manner. See State v. Goodly, 487 So.2d 1280, 1281-82 (La.App. 3d Cir.1986). Because a determination of the period of time to be served without parole eligibility involves sentencing discretion, we vacate the instant sentence and remand for resentencing.
For the reasons stated herein, we affirm defendant's conviction but vacate his sentence and remand for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED; REMANDED FOR RESENTENCING.