DECUIR, Judge.
hThe Defendant, James Oliver McKee-han, Jr., was convicted of driving while intoxicated (DWI), fourth offense, in violation of La.R.S. 14:98. He lodges this appeal asserting the following three assignments of error:
1) The State’s reliance on the presumption of intoxication set forth in La.R.S. 82:662 was improper, as the bill of information did not charge the Defendant with a violation of La.R.S. 14:98(A)(1)(b), but instead charged a violation of La. R.S. 14:98(A)(1)(a).
2) The evidence introduced at trial was insufficient to find that the Defendant was under the influence of an alcoholic beverage at the time he was driving.
3) The trial court imposed a sentence upon the Defendant that results in the ex post facto application of the law which is prohibited by both the federal and state constitutions. The trial court improperly applied the harsher sentencing provisions in effect at the time of his conviction instead of the sentencing provisions in effect at the time of the commission of the offense.
ERRORS PATENT
Our review of the record reveals one error patent. The trial court failed to inform the Defendant of the appropriate prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Accordingly, we direct the trial court to inform the Defendant by written notice within ten days of the rendition of this opinion.
SUFFICIENCY OF EVIDENCE
We will first examine Defendant’s allegation that the evidence is not sufficient to support his conviction. See State v. Hearold, 603 So.2d 731 (La.1992). The Defendant contends the evidence introduced at trial was insufficient to find that he was under the influence of an alcoholic beverage at the time he was driving.
In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d |a676, 678 (La. 1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, “assuming every fact to be proved that the evidence tends to prove.” La. R.S. 15:438; see State v. Neal, 2000-0674 p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La. R.S. 15:438 “works with the Jackson constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to *1261 a rational jury.” Neal, 2000-0674 p. 9, 796 So.2d at 657.
State v. Draughn, 05-1825, p. 7 (La.1/17/07), 950 So.2d 583, 592.
Thus, to support the Defendant’s conviction, the State was required to prove the Defendant was operating a motor vehicle and was either under the influence of alcohol or his blood alcohol concentration was 0.08 or more.
The Defendant testified that on November 22, 2003, he went to a hunting camp to repair two air conditioners and an ice machine. While working, he had two cups of beer from a keg, which possibly totaled fifteen ounces of beer. The Defendant testified that he was at the camp for approximately two hours. When the Defendant was ready to leave, the owner of the camp handed him a drink in a Big Gulp cup that was either twenty or thirty-two ounces. When he got in the car, he placed the cup in his lap. On his way back to Lake Charles, the Defendant passed Deputy Donald LeDoux while driving seventy miles per hour. The Defendant testified that he then drank the contents of the cup and then threw the cup out the window.
Deputy LeDoux testified that when he stopped the Defendant he appeared unbalanced as he exited his vehicle and that his speech was slurred. Deputy LeDoux then noticed marijuana in the Defendant’s vehicle and the Defendant was immediately placed under arrest. Deputy LeDoux then contacted the Defendant’s parents, who came to the scene to retrieve the Defendant’s vehicle. After the Defendant’s parents left the scene, Detective LeDoux searched the surrounding area in an attempt to locdte the cup discarded by the Defendant prior to being stopped. Unable to locate the cup, | ¡¿Detective LeDoux left the scene and drove the Defendant to the police department in Cameron.
When the Defendant arrived at the police department he asked to go to the restroom, but was told to wait. The Defendant then urinated on himself. Subsequently, a field sobriety test was performed at the police department. Deputy LeDoux testified that during the field sobriety test the Defendant was “unable to respond to almost anything to the point of uncontrolled bowel movements where he had to be taken to the restroom to complete. And he was just — seemed to be out of control, incoherent in every manner.” Deputy LeDoux was asked if the Defendant cooperated and completed the horizontal gaze nystagmus test. He testified the Defendant tried, but it was hard for him. He stated “I believe we can say he completed it.” Deputy LeDoux then testified the Defendant had a positive result in all the different categories. The Defendant subsequently submitted to the intoxi-lyzer test. The results indicated the Defendant’s blood alcohol concentration was .227 percent.
The trial court found the Defendant guilty of DWI, fourth offense, stating the following:
I’ll agree with you about one thing, Mr. McHale. I don’t think that his level of intoxication at the time of his stop was as severe as it was when he was videotaped or else Deputy LeDoux would not have observed that the vehicle was going straight.
But nevertheless, the evidence is such that he was imbibing alcoholic beverages before the stop and there is some evidence of impairment. And that’s adequate.
The Defendant contends the State failed to prove he was operating the vehicle while intoxicated. In State v. Picard, 03-2422, pp. 8-9 (La.App. 1 Cir. 9/17/04), 897 So.2d 49, 54-55 the court said:
*1262 |4Intoxication with its attendant' behavioral manifestations is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. Anderson, 2000-1737, p. 10 (La.App. 1st Cir.3/28/01), 784 So.2d 666, 676, writ denied, 2001-1558 (La.4/19/02), 813 So.2d 421. Furthermore, an officer’s subjective opinion that a subject failed a field sobriety test may constitute sufficient evidence of intoxication to support a DWI conviction. See State v. Smith, 93-1490, p. 6 (La.App. 1st Cir.6/24/94), 638 So.2d 1212, 1215.
In Smith, 93-1490 at pp. 3-4, 638 So.2d at 1214, this court found the evidence sufficient to support a DWI conviction where the trooper testified that the defendant smelled of alcohol, his speech was slurred and deliberate, his eyes were bloodshot, he was staggering, he admitted that he had consumed four beers, he was uncooperative and aggressive after being arrested, and he refused to take the breath test. Similarly, a DWI conviction was found to be supported by the evidence when a trooper observed the defendant’s erratic driving, physical appearance, slurred speech, and behavior. The defendant failed the field sobriety tests. He attempted to hide a vodka bottle under the back seat of his truck, and he admitted he had drunk alcohol. State v. Worachek, 98-2556, p. 9 (La.App. 1st Cir.11/5/99), 743 So.2d 1269, 1274. Also, in State v. Minnifield, 31,527, pp. 3-4 (La.App. 2nd Cir.1/20/99), 727 So.2d 1207, 1211, writ denied, 99-0516 (La.6/18/99), 745 So.2d 19, the evidence was sufficient where the officer observed the defendant weave out of the traffic lane three times; he staggered, slurred, smelled of alcohol, and gave a false name; and a second officer indicated that the defendant failed the horizontal gaze nystagmus test.
We find that thé evidence presented was sufficient to prove beyond a reasonable doubt that the Defendant was under the influence of alcohol when operating his vehicle. Accordingly, the Defendant’s conviction is affirmed.
BILL OF INFORMATION
The Defendant contends that the State’s reliance on the presumption of intoxication in La.R.S. 32:622 at trial was improper because the Bill of Information referenced La.R.S. 14:98(A)(1)(a) rather than La.R.S. 14:98(A)(1)(b).
|HThe bill charges the Defendant with “Driving While Intoxicated 4th La. R.S. 14:98.” The purpose of the bill of information is to inform the defendant of the charges against him. State v. Kennerson, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367. The bill of information in this case was sufficient to inform the defendant of the charges lodged against him. This assignment has no merit.
SENTENCING
The Defendant contends that by sentencing him under La.R.S. 14:98 E as it was written at the time of his conviction rather than at the time of his arrest the trial court violated the prohibition against ex post facto application of the law provided in both the state and federal constitutions. The statute, as it was written at the time of the arrest, provided for the mandatory suspension of all but sixty days of a defendant’s sentence for fourth offense DWI. In 2005, the legislature amended the statute to make the suspension of sentence *1263 discretionary on the part of the trial court. 2005 La. Acts No. 497, § 1.
This court has previously addressed the retroactive application issue with regard to the 2004 amendment to La.R.S. 14:98 as follows:
In State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, the supreme court addressed whether the 2001 amendment to La.R.S. 14:98 should be applied to defendants who committed DWIs prior to the effective date of the 2001 amendment. The supreme court acknowledged that the prevailing jurisprudence adhered to the rule that the appropriate penalty provision is the penalty provision in effect at the time an offense is committed. The supreme court found, however, that the 2001 amendment to La.R.S. 14:98 should not adhere to the prevailing jurisprudence. Rather, the supreme court found that the 2001 amendment should apply to any defendant convicted after the amendment’s effective date.
State v. Pulliam, 2005-534, p. 3 (La.App. 3 Cir. 12/30/05), 920 So.2d 900, 902. In Pul-liam, this court noted that the basis for the exception created in Mayeux was the substantial nature of the legislative change and the policy change of direction | fifrom a focus on incarceration to a focus on treatment in DWI cases. Finding that the 2004 amendment was a mere fine tuning rather than the drastic change contemplated by the court in Mayeux, this court declined to apply the 2004 amendment to the statute retroactively.
We find the 2005 amendment is more like the 2001 amendment in Mayeux. In removing the mandatory suspension of sentence for fourth offense, the legislature has indicated that the focus on treatment rather than incarceration requires a case by case analysis. This is a substantial legislative change in that it shifts discretion from the legislature back to the courts.
In State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, the Louisiana Supreme Court held that if a law changes the definition of criminal conduct or increases the penalty for a particular crime applying it retroactively violates the state and federal constitutional prohibitions against ex post facto laws. In the present case, the question is whether the removal of the mandatory suspension of sentence constitutes an increase in penalty. We think not.
We find the 2005 amendment merely alters the conditions upon which the defendant’s sentence may be suspended. In cases discussing changes to statutes governing the requirements for a defendant’s release for parole or good time diminution, the courts have concluded that the law in effect at the time of a prisoner’s release governs the terms of that release, rather than the law in effect at the time of the commission of the offense. Id. The changes to the eligibility requirements do not subject defendant to a greater penalty than that authorized for his crime at the time of its commission and, therefore, do not violate constitutional prohibitions against ex post facto laws. See State v. Hutchinson, 99-0034 (La.App. 4 Cir. 5/17/00), 764 So.2d 1139.
|7We are mindful that the cases cited above involved changes to eligibility requirements in statutes other than the statute defining the crime and sentence. However, we find no compelling reason that the changes to the eligibility for suspension of sentence in this case should be treated differently simply because they are contained within La.R.S. 14:98(E). Accordingly, the trial court did not err in applying the sentencing provisions of La. *1264 R.S. 14:98 E in effect at the time of the Defendant’s conviction.
This assignment has no merit.
DECREE
For the foregoing reason, the Defendant’s conviction and sentence are affirmed. The trial court is instructed to inform the Defendant of the proper prescriptive period for postconviction relief.
CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS.
PAINTER, J., dissents in part with written reasons.