696 So.2d 618 (1997)
STATE of Louisiana
v.
Mathaney B. SAMPIA.
No. 96 KW 1460.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*619 Louis Thad Toups, Assistant District Attorney, Thibodaux, for Plaintiff/Appellee State.
F. Hugh Larose, Thibodaux, for Defendant/Appellant Mathaney B. Sampia.
Before CARTER, LeBLANC and PARRO, JJ.
CARTER, Judge.
Defendant, Mathaney B. Sampia, was charged by bill of information with driving while intoxicated, first offense, in violation of LSA-R.S. 14:98. She pled not guilty and, after a bench trial, was found guilty as charged. She was sentenced to five months in the Lafourche Parish Detention Center and fined $250.00, plus costs. The sentence was suspended, and defendant was placed on unsupervised probation for one year, with special conditions. On October 31, 1996, this Court granted defendant's writ application and vacated her conviction and sentence on the grounds of insufficiency of the evidence. State v. Sampia, 96-1460 (La.App. 1st Cir. 10/31/96). Upon application by the state, the Supreme Court remanded this case to this Court on January 24, 1997, for briefing, argument, and an opinion. State v. Sampia, 96-2882 (La.1/24/97); 686 So.2d 854. Defendant assigns the following specifications of error:
1. The trial court erred in allowing the state's redirect examination to go beyond the scope of defendant's cross-examination.
2. The evidence was insufficient to establish beyond a reasonable doubt that defendant was guilty of driving while intoxicated.

FACTS
On July 9, 1995, at 3:40 a.m., Louisiana State Trooper Kirk Pierce was dispatched to an accident scene. Upon arriving eighteen minutes later, he observed a small, white car in a ditch. No driver or occupants were in the area. Upon opening the vehicle, he observed four empty, sixteen-ounce beer cans and smelled the odor of alcohol.
After the vehicle was removed from the ditch by a wrecker service, Pierce left the scene. Thereafter, he was notified that the driver of the vehicle was in route to the scene with a wrecker, and he returned to the scene. Trooper Pierce arrived at approximately the same time as defendant. He testified that she was crying, but she was cooperative and did not appear drowsy. On the accident report, defendant was listed as having no injury. At trial, Trooper Pierce testified that defendant's breath smelled of alcohol, that her voice was slurred, and that she appeared to sway slightly. She told him that the accident occurred when an eighteen wheeler entered her lane of travel, and, swerving to avoid it, she lost control and ran into the ditch. According to Trooper Pierce, defendant acknowledged having a few drinks before leaving her apartment. Defendant denied making such a statement. Trooper Pierce stated that defendant also told him that she had nothing to drink after the accident.
At 4:55 a.m., defendant was offered a field sobriety test, which she refused. Trooper Pierce immediately placed her under arrest. Within a minute, defendant offered to take the field sobriety test, but the trooper refused, stating that it was too late. Thereafter, defendant refused to sign the chemical test rights form or take the breath test.
According to defendant's testimony, she had spent the day studying and working on a project for nursing school. At 11:30 p.m. on Saturday, she drank one beer. She left for her friend's house at 12:30 a.m. and was forced off of the roadway into a ditch by an *620 eighteen wheeler at approximately 1:00 a.m. She waited for nearly one hour before a couple stopped and offered her assistance. She called the police from the couple's cellular phone and reported the accident. Defendant returned to her apartment at 1:57 a.m., contacted a wrecker service at 4:17 a.m., and reached the accident scene at 4:45 a.m. She testified that the empty beer cans in the car were her boyfriend's from the preceding Friday night.
On cross-examination, it was established that Trooper Pierce had nine months of experience and had a DWI quota requirement at the time that he arrested defendant.

RE-DIRECT EXAMINATION
Defendant contends that the trial court erred in allowing the prosecutor to question Trooper Pierce on re-direct examination as to whether defendant had stated that she had anything to drink before the accident.
LSA-C.E. art. 611 D provides:
A witness who has been cross-examined is subject to redirect examination as to matters covered on cross-examination and, in the discretion of the court, as to other matters in the case. When the court has allowed a party to bring out new matter on redirect, the other parties shall be provided an opportunity to recross on such matters.
A trial court has wide discretion in controlling re-direct and re-cross examinations, and its rulings are not to be disturbed in the absence of an abuse of that discretion. State v. Williams, 615 So.2d 1009, 1021 (La.App. 1st Cir.), writ denied, 619 So.2d 543 (La.1993).
In the present case, the prosecutor asked Trooper Pierce on re-direct examination whether he had asked defendant if she had had anything to drink before the accident. Defense counsel objected on the grounds that the question was outside the scope of his cross-examination of the witness. The record reveals that defense counsel did not question Trooper Pierce on cross-examination concerning this matter. However, in overruling the objection, the court indicated that the issue of intoxication was at the center of this case and offered defense counsel the opportunity to re-cross on that issue. Defense counsel specifically declined this offer.
We conclude that, given the trial court's wide discretion in controlling re-direct examinations and the opportunity which defense counsel was offered to re-cross the witness, the trial court did not abuse its discretion in overruling the defense objection. This assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE
Defendant contends that the evidence was insufficient to establish beyond a reasonable doubt that she was operating a vehicle while intoxicated. We agree.
In reviewing a claim of insufficiency of evidence, the standard used by a reviewing court is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the state proved the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Graves, 95-0578, p. 7 (La. App. 1st Cir. 5/10/96); 675 So.2d 1141, 1145.
In order to convict an accused of driving while intoxicated, the state need prove only (1) that the defendant was operating a vehicle and (2) that he was under the influence of alcohol or drugs. LSA-R.S. 14:98; State v. Graves, 675 So.2d at 1145. Intoxication with its attendant behavioral manifestations is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent *621 of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. Graves, 675 So.2d at 1145.
Because defendant in the instant case does not dispute that she was driving the car at the time of the accident, only the element of intoxication is at issue. The evidence presented by the state to establish defendant's intoxication consisted primarily of Trooper Pierce's observations that defendant smelled of alcohol, that her speech was slurred, and that she swayed slightly.
Initially, we note that there was nothing to contradict defendant's testimony that the accident occurred at approximately 1:00 a.m. Trooper Pierce did not observe defendant until almost four hours later. Therefore, the evidence presented as to her condition at the time that she drove the vehicle was extremely meager, consisting primarily of the fact that she drove her car into a ditch.
Moreover, Trooper Pierce's observations that defendant's speech was slurred and that she swayed slightly were very general in nature, without giving a sense of any specific degree of impairment. Additionally, defendant's speech and the slight swaying could have been attributable to factors other than intoxication. Although Trooper Pierce testified that defendant's speech was slurred, he did not indicate that he had any difficulty understanding her or that she was incoherent. Defendant denied that her speech was slurred, but did state that she spoke fast and was emotional. She explained that she was still in a state of shock and was extremely upset when she spoke with Trooper Pierce. Even Trooper Pierce testified that she was upset and crying at the time.
Trooper Pierce spoke with defendant for approximately seventeen minutes before he arrested her. There is no testimony that, either during this time or after her arrest, she staggered, had difficulty walking, or appeared physically impaired in any way, other than Trooper Pierce's testimony that she swayed slightly.
While there is some evidence to support the state's position, in particular Trooper Pierce's testimony that he detected an odor of alcohol on defendant, this evidence was circumstantial or based on observations made hours after defendant operated the vehicle. When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Morrison, 582 So.2d 295, 303 (La.App. 1st Cir. 1991). In this case, however, even viewing all the evidence in the light most favorable to the state, the trial court's rejection of the hypothesis of innocence contained in defendant's testimony was not reasonable. The state's evidence clearly was insufficient to exclude this hypothesis of innocence and prove beyond a reasonable doubt that defendant operated a vehicle while intoxicated. See State v. Kent, 610 So.2d 265, 267-68 (La.App. 5th Cir.1992); City of Alexandria v. Webster, 490 So.2d 747, 749 (La.App. 3rd Cir.1986). At best, the state's evidence is inconclusive on the issue of intoxication.
We note that the Supreme Court, in remanding this matter to this Court, did not vacate our original decision. See State v. Sampia, 686 So.2d at 854. For the reasons assigned above, we adhere to our original decision.
WRIT GRANTED; CONVICTION AND SENTENCE VACATED.