721 So.2d 929 (1998)
STATE of Louisiana
v.
Jermaine D. TAYLOR.
No. 97 KA 2261.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*930 Doug Moreau, District Attorney, Catherine Peever and Dale Lee, Assistant District Attorneys, Baton Rouge, LA, for appellee State of Louisiana.
Frederick Kroenke, Louisiana Appellate Project, Baton Rouge, LA, for defendant-appellant Jermaine D. Taylor.
Before FITZSIMMONS and GUIDRY, JJ., and CHIASSON[1], J. Pro Tem.
FITZSIMMONS, J.
Defendant, Jermaine D. Taylor, was charged by bill of information with attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1.[2] He pled not guilty. The jury returned a responsive verdict of guilty of attempted manslaughter, a violation of La. R.S. 14:27 and 14:31. The trial court sentenced defendant to five years imprisonment at hard labor. Defendant has appealed, arguing as his sole assignment of error that the evidence was insufficient to support his conviction.

Facts
On the evening of March 8, 1996, defendant and Darrell Hayes were both employees *931 of Applebee's Restaurant in Baton Rouge, Louisiana. Defendant was working as a fry cook and Hayes was the person responsible for getting orders out of the kitchen. At some point in the evening, the two men exchanged words about a mix-up with an order of hot chicken wings. Sometime later, Hayes questioned defendant as to why he had not handed a co-worker, Patricia Cook, a serving basket she had requested. Although defendant denied hearing the request, heated words were exchanged by Hayes and defendant. Cook stepped between them, and said she had gotten the basket herself. Shortly thereafter, defendant and Hayes again began arguing and cursing at one another. The situation quickly deteriorated to the point that a physical altercation ensued. Defendant and Hayes each assert the other man started the physical confrontation. During the fight, defendant picked up a knife and stabbed Hayes, who was unarmed, in the neck and in the back. Defendant claimed he acted in self-defense after Hayes attempted to grab a knife laying under the counter. Although he sustained serious wounds, Hayes survived.

Sufficiency of Evidence
On appeal, defendant asserts that the evidence was insufficient to support his conviction for attempted manslaughter. He argues that the record established that he acted in self-defense after he was physically attacked by Hayes.
The standard of review for the sufficiency of evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P. art. 821; State v. Pizzalato, 93-1415, p. 17 (La.App. 1st Cir.10/7/94), 644 So.2d 712, 721, writ denied, 94-2755; 650 So.2d 1174 (La.3/10/95). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied that the overall evidence exludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La. App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
Regarding a claim of self-defense, La. R.S. 14:19 provides that:
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.
In a non-homicide situation, a claim of self-defense requires a dual inquiry: first, an objective inquiry into whether the force used was reasonable under the circumstances, and, second, a subjective inquiry into whether the force used was apparently necessary. State v. Willis, 591 So.2d 365, 370 (La.App. 1st Cir.1991), writ denied, 594 So.2d 1316 (La.1992). In a homicide case, the state must prove, beyond a reasonable doubt, that the homicide was not perpetrated in self-defense. However, Louisiana law is unclear as to who has the burden of proving self-defense in a non-homicide case. See Pizzalato, 93-1415 at pp. 3-4, 644 So.2d at 714. In previous cases dealing with this issue, this court has analyzed the evidence under both standards of review, that is, whether the defendant proved self-defense by a preponderance of the evidence or whether the state proved beyond a reasonable doubt that the defendant did not act in self-defense. Similarly, we need not decide in this case who has the burden of proving (or disproving) self-defense, because under either standard the evidence sufficiently established that defendant did not act in self-defense. See Pizzalato, 93-1415 at p. 4, 644 So.2d at 714.
The evidence reflects two conflicting versions of the incident which occurred between defendant and the victim. The victim testified at trial that defendant precipitated the physical confrontation by pushing him and *932 throwing the first punch. He indicated that upon seeing a knife in defendant's hand, he first grabbed for defendant's hand, then attempted to flee. He contends he was turning away when defendant stabbed him in the neck. Defendant then stabbed him in the back as he was running away. Hayes indicated he was not armed, and at no point attempted to arm himself with a knife.
Defendant gave the following account of the incident. He testified that the victim first cursed at him, then physically attacked him, knocking him so hard against a table that he momentarily could not see. Upon regaining his sight, he saw the victim reaching for a knife. Fearing for his own life, he grabbed a knife and stabbed the victim. Defendant denied stabbing the victim as he was running away. He admitted stabbing Hayes in the back, but indicated that Hayes was turned sideways to him at the time, rather than having his back to defendant. No witness, other than defendant, indicated that they saw the victim either with a knife or attempting to reach for one.
Defendant's assertion that the victim started the verbal argument was supported by the testimony of Patricia Cook. Another co-worker, Robert Russell, also testified that the victim started the physical confrontation by rushing at defendant swinging his fists. However, Russell further indicated that, before the victim was stabbed the second time, he thought he heard him tell defendant something that sounded like, "I quit, bro." Tracy Jordon, a waitress, testified that, although she did not see the beginning of the fight, she saw defendant chasing the victim while making stabbing motions with a knife, "kinda like psycho."
Upon cross-examination, defendant testified that Tracy Jordon was lying when she stated he chased after Hayes, as was Robert Russell when he testified that defendant stabbed Hayes after the victim said he quit. Defendant maintained that he was the only person telling the truth about the incident.
The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. The trier of fact's determination of the weight to be given evidence is not subject to appellate review. Willis, 591 So.2d at 372. An appellate court will not reweigh the evidence to overturn a fact finder's determination of guilt. Pizzalato, 93-1415 at p. 17, 644 So.2d at p. 721.
The guilty verdict in this case indicates the jury rejected the claim that defendant stabbed the victim in self-defense as he reached for a knife. Considering the testimony of the victim and the other state witnesses, any rational trier of fact could have found that the evidence presented by the state established that defendant did not act in self-defense. Even if the victim herein was initially the aggressor, it was unreasonable for defendant to respond with deadly force. This is especially true after the unarmed victim attempted to withdraw from the conflict. It is particularly pertinent in this regard that the victim was unarmed and was stabbed in the back as he was attempting to flee. When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. State v. Sampia, 96-1460, p. 6 (La.App. 1st Cir.6/20/97), 696 So.2d 618, 621. The jury obviously rejected defendant's testimony that he stabbed Hayes in self-defense only after the victim attempted to grab a knife himself. No other hypothesis of innocence was presented by defendant.
Consequently, when all the evidence is viewed in the light most favorable to the state, any rational trier of fact could have concluded beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that defendant did not stab the victim in self-defense. Therefore, he was guilty of attempted manslaughter.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The bill of information originally charged defendant with aggravated battery, a violation of La. R.S. 14:34, but it was subsequently amended to charge defendant with attempted second degree murder.