743 So.2d 1269 (1999)
STATE of Louisiana
v.
Gerald WORACHEK.
No. 98 KA 2556.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*1270 Anthony G. Falterman, District Attorney, Donald D. Candell, Assistant District Attorney, Gonzales, for State Appellee.
Gwendolyn K. Brown, Baton Rouge, for Defendant-Appellant.
Gerald Worachek, Basile, Defendant-Appellant, pro se.
Before: FOIL, FOGG, and GUIDRY, JJ.
*1271 FOGG, J.
The defendant, Gerald Worachek, was charged by bill of information with fourth offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98. He pled not guilty and waived the right to trial by jury. After a bench trial, he was found guilty as charged. He received a sentence of ten years at hard labor, including eight years without benefit of parole, probation, or suspension of sentence. The trial court suspended two years of the sentence and placed the defendant on probation for two years with a special condition of probation that he attend at least one alcoholics anonymous meeting per week. On appeal, the defendant alleges: (1) the trial court erred in denying the motion to quash; (2) the evidence was insufficient to support the instant conviction; (3) the trial court erred in imposing an excessive sentence; and (4) the trial court erred in denying the motion to reconsider sentence.

FACTS
At approximately 7:00 p.m. on July 14, 1997, Louisiana State Police Trooper Oneal Wascom stopped a truck driven by the defendant near the intersection of Louisiana Highways 73 and 621. Trooper Wascom first observed the truck driving erratically while following it for a short distance on Interstate 10. Trooper Wascom noticed the truck weaving three times from the right shoulder into the left lane. When a vehicle attempted to pass in the left lane, it had to take evasive action to avoid hitting the defendant's truck. The defendant exited Interstate 10 at Highway 73. At this point, Trooper Wascom executed a traffic stop of the defendant's vehicle, which proceeded a short distance before turning onto Highway 621 and finally stopping.
Trooper Wascom observed the defendant exit his truck and lean against it. While conversing with the defendant, Trooper Wascom detected a very strong odor of alcoholic beverage on the defendant's breath. The defendant admitted weaving, explaining that he was trying to light a cigarette. Trooper Wascom advised the defendant of his Miranda rights and explained that he wanted the defendant to take a field sobriety test. However, the defendant failed three field sobriety tests, the horizontal gaze nystagmus test, walk and turn test, and one leg stand test.
Trooper Wascom placed the defendant under arrest. The defendant then requested to get something from his truck. He went to the truck, got in, and tried to hide a vodka bottle under the seat. When Trooper Wascom observed the defendant's actions, Trooper Wascom asked him to exit the truck, but he refused. Trooper Wascom and a backup officer, Deputy Joseph Mayers of the Ascension Parish Sheriffs Office, had to forcibly remove the defendant, handcuff him, and place him into the back of a police unit.
After they reached the jail, while Trooper Wascom explained to the defendant his rights relating to a chemical test for intoxication, the defendant kept standing up and attempting to grab his cigarettes and lighter, despite being told to remain seated and refrain from smoking. The defendant refused to take a breath test. Trooper Wascom issued the defendant citations for DWI Sixth Offense, refusal of the chemical test, improper lane usage, and resisting an officer.
At the trial, Trooper Wascom explained how he initially came to observe the defendant's vehicle and detailed the erratic driving which resulted in the traffic stop. He then related his observations of the defendant's physical appearance and behavior which led him to conclude that the defendant was driving while intoxicated.
The state introduced documents to establish that the defendant had two prior, third offense DWI convictions in the Nineteenth Judicial District Court, East Baton Rouge Parish, from guilty pleas entered on November 19, 1993, and a second offense DWI conviction in the Twentieth Judicial District Court, West Feliciana Parish, *1272 from a guilty plea entered on February 14, 1991.
The defendant did not testify at trial, but presented the testimony of two witnesses, his first cousin, Jacqueline Mitchell, and his mother, Evelyn Worachek. Ms. Mitchell testified that the defendant lived with her off and on at the time of this offense. When he left her home in St. Amant at 4:15 p.m. on July 14, 1997, he had not been drinking. Ms. Mitchell testified that the defendant had indicated he was going to his mother's house in north Baton Rouge to retrieve some tools and to get his pain medication because his mouth was hurting. She testified that the defendant had been given prescription medication for recent dental surgery, and she identified a paper bag, Defense Exhibit 1, containing three prescription bottles, Defense Exhibits 2, 3 and 4, which she retrieved from his truck at about 10:00 p.m. on the night of his arrest. She also retrieved the vodka bottle, which appeared to be full until she went to empty it, whereupon she noticed that the seal had been broken.
Defense Exhibit 2 is an empty prescription bottle for Hydrocodone, described as the defendant's pain medicine. The label on this bottle indicated the prescription was filled on June 30, 1997, with a quantity of fifteen tablets. The instructions on the label were for one tablet every four to six hours as needed. Defense Exhibit 3 is a prescription bottle for Librium, described as being for the defendant's nerves. The label on this bottle indicated the prescription was filled on June 27, 1997, with a quantity of only nine capsules. The instructions on the label were for one capsule three times a day for three days. However, this bottle actually contains fourteen red tablets with no markings on them. Defense Exhibit 4 is a prescription bottle for Amoxicillin, an antibiotic. The label on this bottle indicated the prescription also was filled on June 30, 1997, with a quantity of thirty-six capsules, and approximately twenty capsules remain. Defense Exhibits 2 and 3 were labeled "NO REFILLS." Ms. Mitchell testified that the prescriptions were filled about the time of the defendant's dental work.
Ms. Worachek testified that the defendant came to her home for about an hour on the afternoon in question, but she could not remember whether or not he performed any chores. She stated that when the defendant came to her home that afternoon, he did not appear to have been drinking. She testified that she had paid for the defendant's recent dental work because he was unemployed. Ms. Worachek also testified that she recognized the three prescription bottles (Defense Exhibits 2, 3 and 4) and that the defendant had left them at her house.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in denying the motion to quash the predicate convictions.[1] The defendant filed a motion to quash all three predicate DWI convictions on various grounds. A hearing on the motion was held on January 27, 1998. After both sides made arguments regarding the documents supporting these predicate convictions, the trial court denied the motion.
The defendant contested the two November 19, 1993, predicate DWI convictions from the Nineteenth Judicial District Court on two grounds. First, while the documents evincing these predicate convictions demonstrated that the defendant was represented by two separate attorneys, a Public Defender and private counsel, the defendant argued that it was not established that he was represented by counsel, or that he had waived counsel, in each *1273 conviction. Of course, the only way that he was unrepresented on one is if he had two attorneys on the other. We completely reject such an assertion, as did the trial court. He also argued that, since two separate pleas were entered in the same proceeding, it was not clear from the guilty plea transcript that he was advised of the right to a jury trial on each separate case. The record does reflect that the defendant was advised of, and waived, the right to a jury trial. It does not reflect which party moved to consolidate the two separate cases for guilty pleas in the same proceeding. Nevertheless, we reject the assertion that the defendant's pleas were invalid for use as predicate convictions simply because he was not specifically advised of the right to a jury trial on each charge. In all likelihood, it was the defense who moved to consolidate these proceedings, and if not, there obviously is no objection in the minutes or transcript to such consolidation. The trial court correctly denied the motion to quash as to these two predicate convictions, which were properly admitted at trial.
The defendant also contends that the documents introduced to prove the February 14, 1991 predicate DWI conviction in Twentieth Judicial District Court are inadequate to prove a waiver of jury trial. We agree. The defendant was not advised of the right to a jury trial in this matter. The transcript of this proceeding shows that the defendant entered guilty pleas to two separately billed offenses, second offense DWI and driving under suspension. We note that the state's brief herein is simply wrong. The driving under suspension charge was not dismissed, as the state argues. Instead, the transcript of the proceedings from February 14, 1991, clearly indicates that the defendant was notified of both charges, pled guilty, and was sentenced on both convictions. Under these circumstances, it does not matter which party moved for consolidation of these two separately billed misdemeanor cases into a single proceeding; combining them exposed the defendant to more than six months imprisonment and, therefore, he should have been advised of the right to a jury trial. LSA-C.Cr.P. art. 779A; State v. Hornung, 620 So.2d 816 (La.1993) (per curiam). Accordingly, the trial court erred in denying the motion to quash, but only as to this predicate DWI conviction, which should have been deemed invalid for enhancement purposes.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the evidence was insufficient to support the instant conviction. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. King, 563 So.2d 449 (La.App. 1 Cir.), writ denied, 567 So.2d 610 (La.1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in LSA-C.Cr.P. art. 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251 (La.App. 1 Cir.), writ denied, 532 So.2d 130 (La. 1988).
LSA-R.S. 14:98 A provides, in pertinent part:
(1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.10 percent or more by *1274 weight based on grams of alcohol per one hundred cubic centimeters of blood
. . . .
Initially, we note that, because the defendant refused to take a breath test, the legal presumption of intoxication contained in LSA-R.S. 14:98 A(1)(b) is inapplicable herein. Nevertheless, in order to convict an accused of driving while intoxicated, the state need only prove that the defendant was operating a vehicle and that he was under the influence of alcohol. State v. Pitre, 532 So.2d 424 (La.App. 1 Cir.1988), writ denied, 538 So.2d 590 (La.1989).
In his brief to this court, the defendant does not contest the fact that he was actually operating a vehicle at the time of his arrest. Instead, he argues that the state failed to prove that he was driving under the influence of alcohol. Noting that there were no chemical tests for intoxication, the defendant argues that the testimony of Trooper Wascom was insufficient to prove beyond a reasonable doubt that he was under the influence of alcohol. We disagree.
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case by case basis. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. State v. Pitre, 532 So.2d at 428.
In the instant case, the evidence of the defendant's intoxication consisted of Trooper Wascom's observations of the defendant's erratic driving and, after the traffic stop, his observations of the defendant's physical appearance, slurred speech, and behavior. Several aspects of the defendant's condition and behavior suggested his guilt, most notably the failed field sobriety tests. Also revealing was his decision to try to hide the vodka bottle under the seat of his truck, his refusal to exit the truck, his refusal to place his hands behind his back, and his refusal to enter the back of the police unit, resulting in the use of force by Trooper Wascom and Deputy Mayers to remove him, handcuff him, and place him in the police unit. Furthermore, at the Sheriff's Office, while Trooper Wascom was reading the results of the chemical test for intoxication, he repeatedly told the defendant to remain seated and that he could not smoke. Nevertheless, the defendant kept standing up and at one point attempted to grab cigarettes and a lighter, resulting in Trooper Wascom having to handcuff him again. Moreover, the defendant also admitted drinking alcohol, although he claimed to have consumed only two beers. While the defendant did indicate that he had taken some type of medication at 4:00 p.m., when Trooper Wascom asked the defendant what type of medication, he replied that he "did not keep up with ... `that shit'." Based upon all of his observations, Trooper Wascom concluded that the defendant was intoxicated.
The defense testimony presented a hypothesis of innocence, i.e., that the defendant's erratic driving and failure of the field sobriety tests could be explained by his taking medication for recent dental work. However, even considering this explanation, the defense fails to account for the testimony of Trooper Wascom that the defendant had a strong odor of alcoholic beverage on his breath, while the defense theory of the case suggests that the defendant had been drinking, at most, two beers and perhaps only a minimal amount of vodka prior to the traffic stop.
In finding the defendant guilty as charged, the trial court obviously accepted the testimony of Trooper Wascom and rejected the defendant's hypothesis of innocence. As the trier of fact, the trial court was free to accept or reject, in whole or in part, the testimony of any witness. Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the *1275 matter is one of the weight of the evidence, not its sufficiency. See State v. Marshall, 479 So.2d 598 (La.App. 1 Cir.1985). Moreover, when a case involves circumstantial evidence, and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Moten, 510 So.2d 55 (La.App. 1 Cir.), writ denied, 514 So.2d 126 (La.1987). On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Creel, 540 So.2d 511 (La.App. 1 Cir.), writ denied, 546 So.2d 169 (La.1989). Under the circumstances present herein, we find that the trial court reasonably rejected the hypothesis of innocence presented by the defense.
After a careful review of the record, we find that the evidence supports the trial court's determination. We are convinced that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact finder can, could have concluded that the state proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of the instant DWI offense.
The defendant also contests the two November 19, 1993, predicate DWI convictions from the Nineteenth Judicial District Court. As noted in our treatment of assignment of error number one, these predicate convictions were properly admitted at trial. The defendant also contends that the documents introduced to prove the February 14, 1991, predicate DWI conviction in the Twentieth Judicial District Court are inadequate to prove a waiver of jury trial. We agree. As noted in our treatment of assignment of error number one, the defendant was not advised of the right to a jury trial in this matter and, therefore, this predicate conviction is invalid for enhancement purposes.
Accordingly, the defendant's conviction of driving while intoxicated, fourth offense, is reversed, and the sentence therefor is vacated. However, since the evidence does not support the charged offense, but does support a conviction for a lesser and included offense, this court is authorized to enter a judgment of guilty of the lesser and included offense. See LSA-C.Cr.P. art. 821 E; State v. Byrd, 385 So.2d 248 (La.1980). As noted above, after a careful review of the record, we find that the state proved beyond a reasonable doubt that the defendant committed the instant offense of driving while intoxicated on July 14, 1997. Because sufficient proof of two predicate DWI convictions was established, the defendant's conviction of driving a motor vehicle while intoxicated, fourth offense, is hereby modified to a judgment of driving a motor vehicle while intoxicated, third offense, and this matter is remanded to the trial court for resentencing on the modified judgment of conviction.[2]
CONVICTION REVERSED AND MODIFIED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
FOIL, J., dissentsI would affirm the trial court.
NOTES
[1] The defendant filed a Pro Se Supplemental Brief on this issue with arguments similar to those in defense counsel's brief.
[2] Because we have vacated the instant sentence and remanded the matter to the trial court for resentencing on the modified conviction of third offense DWI, we do not consider the defendant's third and fourth assignments of error, wherein he contends that he received an excessive sentence.