Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,574-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

CLEVELAND E. RICHARDSON                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 380,341

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELATE PROJECT              Counsel for Appellant
By: Paula Corley Marx

JAMES EDWARD STEWART, SR.               Counsel for Appellee
District Attorney

JASON WAYNE WALTMAN
REBECCA ARMAND EDWARDS
Assistant District Attorneys

* * * * *

Before STONE, HUNTER, and ELLENDER, JJ.

**HUNTER, J.**

Defendant, Cleveland E. Richardson, was charged by bill of information with operating a vehicle while intoxicated, fourth or subsequent offense, in violation of La. R.S. 14:98 and 14:98.4. He was found guilty as charged and was sentenced to serve 20 years at hard labor, with two years to be served without the benefit of probation, parole, or suspension of sentence. For the following reasons, we vacate defendant's conviction for operating a vehicle while intoxicated, fourth or subsequent offense. We render a judgment of conviction for operating a vehicle while intoxicated, third offense, and remand this matter to the trial court for sentencing in accordance with this opinion.

## FACTS

On December 20, 2020, the Caddo Parish Sheriff's Office ("CPSO") received a call pertaining to a motor vehicle in a ditch on Highway 169, near Rolling Ridge Road in Caddo Parish. Deputy Joshua Morgan went to the scene and encountered defendant, Cleveland E. Richardson. Defendant informed Deputy Morgan he had been operating the vehicle without a windshield, and his hat "flew off." Deputy Morgan testified he detected the odor of alcohol emanating from defendant's person, and defendant's speech was slurred. According to the deputy, defendant had "a jerk" in his eyes during the horizontal gaze nystagmus test, and he refused to perform the one-legged stand test. Deputy Morgan also testified defendant's behavior became more aggressive and belligerent during the attempts at testing.[1] He

---

[1] The encounter was recorded on the deputy's body camera, and the video footage was played for the jury during trial.

stated defendant admitted to having "a few drinks" and refused to submit to a breathalyzer or blood alcohol testing.

Defendant was charged with operating a vehicle while intoxicated, fourth or subsequent offense, in violation of La. R.S. 14:98 and 14:98.4. Prior to trial, defense counsel stipulated to three prior convictions for operating a vehicle while intoxicated: February 24, 2020; July 29, 2013; and June 11, 2008. John Rowe, an officer with the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole, testified he reviewed defendant's records to determine the time periods during which defendant was under the supervision of the Department of Corrections. He testified defendant was released from supervision on January 24, 2015, for the July 2013 conviction, and he was released from supervision on December 15, 2020, for the February 2020 conviction.

At the conclusion of trial, the jury found defendant guilty as charged of operating a vehicle while intoxicated, fourth or subsequent offense. He was sentenced to serve 20 years at hard labor, with two years to be served without the benefit of probation, parole, or suspension of sentence. The trial court recommended defendant complete a substance abuse program and waived fines and costs. Subsequently, the court denied defendant's motion to reconsider sentence.

Defendant appeals.

### DISCUSSION

Defendant contends the evidence was insufficient to support his conviction for operating a vehicle while intoxicated, fourth or subsequent offense. He argues the July 29, 2013, conviction is an invalid predicate offense because the guilty plea transcript does not reflect defendant

2

expressly waived his right to a jury trial. He maintains the trial court's failure to comply with *Boykin* in the 2013 conviction precludes the use of the 2013 offense as a predicate in the instant case.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), the United States Supreme Court noted a defendant who pleads guilty waives three constitutional rights: the privilege against compulsory self-incrimination; the right to a trial by jury; and the right to confront one's accusers. *See also*, *State v. Parker*, 19-0028 (La. 10/22/19), 285 So. 3d 1041; *Jackson v. Henderson*, 255 So. 2d 85 (La. 1971). The burden of proof is on the State to demonstrate a knowing, free, and voluntary waiver of rights on guilty pleas. *State v. Santiago*, 416 So. 2d 524 (La. 1982).

In the instant case, the record reveals on April 29, 2013, defendant was charged by bill of information with driving while intoxicated, third offense. Defendant appeared in court on July 29, 2013, and the record contains a transcript of the colloquy between the trial court and defendant at the time the guilty plea was entered. The colloquy was as follows:

\*\*\*

| | |
|---|---|
| THE COURT: | Okay. You understand you don't have to plead guilty today. Correct? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | You understand you have a right to a trial and you have a right to be represented at trial by Counsel, but by pleading guilty you waive that right. Do you understand that? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you understand that you have a Constitutional Right to require that the State prove you are guilty beyond a reasonable doubt but by pleading |

3

guilty you waive that right.  Do you understand that?

THE DEFENDANT:    Yes, ma'am.

THE COURT:    You have a right to be confronted at trial by witnesses against you, as well as the right to cross-examine them, and you have a right to compel witnesses to appear and testify at a trial on your behalf; but by pleading guilty you waive those rights. Do you understand that?

THE DEFENDANT:    Yes, ma'am.

THE COURT:    You have a right against compulsory self-incrimination, which is your right to remains silent, which means you do not have to take the stand to testify at the trial; and, if you do not testify, that cannot be used against you. Do you understand that by pleading guilty you waive your right to remain silent?

THE DEFENDANT:    *** Yes, ma'am.

THE COURT:    If you went to trial and lost, you have an automatic right of appeal to the Court of Appeals; but by pleading guilty, you waive your Constitutional Right to appeal. Do you understand that?

THE DEFENDANT:    Yes, ma'am.

THE COURT:    Do you understand that, if you are charged with another offense, not just a D.W.I. offense, but any other offense in the future, your guilty plea and conviction today can be used later to enhance or increase the charge and sentence, which means the punishment could be worse.  Do you understand that?

THE DEFENDANT:    Yes, ma'am.

4

***

In *State v. Shelton*, 621 So. 2d 769 (La. 1993), the Louisiana Supreme

Court set forth the State's burden of proving the validity of prior guilty pleas

for purposes of sentence enhancement. The Court stated:

> If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights.

*Id*. at 779-80 (footnotes omitted).

In *State v. Drenning*, 99-1151 (La. App. 4 Cir. 3/22/00), 767 So. 2d

45, the defendant was found guilty of operating a vehicle while intoxicated,

fourth offense. On appeal, the defendant argued the trial court erred in

adjudicating him a fourth offender because he was not properly advised of

his *Boykin* rights prior to pleading guilty to one of the prior DWI offenses.

The Court noted the trial court advised the defendant of his right to a trial,

but failed to mention defendant's right to a *jury* trial. The Court vacated the

conviction and sentence for operating a vehicle while intoxicated, fourth

5

offense, entered a judgment of conviction for operating a vehicle while intoxicated, third offense and remanded the matter for resentencing.

In a criminal proceeding, a defendant has a right to a trial by jury if the punishment may be confinement at hard labor or confinement without hard labor for more than six months. La. Const. art. 1, § 17. The penalty for OWI, third offense, is imprisonment with or without hard labor for not less than one year, nor more than five years. La. R.S. 14:98. Thus, defendant had a constitutional right to a jury trial with regard to the 2013 offense, and he was not informed of such.

A review of the July 2013 transcript clearly shows the trial court advised defendant of his right to a trial; however, the court did not advise defendant he had a right to a *jury* trial. A clerk of court minute entry from the date of the guilty plea states, "THE COURT INFORMED THE DEFENDANT OF HIS CONSTITUTIONAL RIGHTS AS PER BOYKIN V. ALABAMA (SEE COURT REPORTER'S TRANSCRIPT)." The record does not include a waiver of rights or guilty plea form.

The State concedes defendant was entitled to a trial by jury for the 2013 offense, and the trial court failed to advise him of such. However, the State maintains defense counsel (in the instant offense) stipulated to the predicate offenses and did not file a motion to quash. Therefore, according to the State, defendant waived his right to challenge the predicate convictions.

In *State v. Picard*, 03-2422 (La. App. 1 Cir. 9/17/04), 897 So. 2d 49, the defendant was charged with driving while intoxicated, fourth offense, and challenged the validity of two of his predicate offenses. The State argued there was a presumption of regularity in the predicate convictions,

6

noting the defendant and the State had entered into a stipulation whereby the defendant admitted he was the same person convicted of driving while intoxicated on three prior occasions. The Court stated:

> We note, contrary to the State's contentions, the language of the aforementioned stipulation does not reflect a waiver of the defendant's right to challenge the constitutionality of the predicate convictions. While the language of the stipulation indicates that the defendant is the same person who was previously convicted of the alleged predicate offenses, the stipulation does not address whether the defendant was adequately advised of his *Boykin* rights or whether he was represented by counsel at the time of the predicate guilty pleas. Because the defendant did not stipulate to the constitutionality of the alleged predicate convictions, we cannot say he waived the issue of the validity of the predicates, which he now challenges on appeal.

*Id*., 897 So. 2d at 52.

Similarly, the record in the instant contains the following stipulation:

***

THE COURT: Well, it's in the Bill of Information. You just stipulate that he's got three prior felony convictions as listed in the Bill of Information.

***

DEFENSE COUNSEL: We'll stipulate.

THE COURT: Okay. All right. All right. It's my understanding then, that the defense has agreed to stipulate that Mr. – that the defendant, Cleveland Richardson, was convicted of a DWI on February 24th, 2020[.] *** [H]e was also convicted of operating a motor vehicle while intoxicated on March 20, 2013. And convicted of – and then convicted – previously convicted of operating a motor vehicle while under the influence of alcohol on March 20th, 2013. And convicted July 29th, 2013[.]

***

7

As noted in *Picard*, *supra*, the language of the stipulation indicates defendant he had three prior predicate offenses.  However, the stipulation did not address whether defendant was adequately advised of his *Boykin* rights at the time of the predicate guilty pleas. Consequently, because defendant did not stipulate to the constitutionality of the alleged predicate convictions, we find he did not waive the issue of the validity of the predicates, which he now challenges on appeal.

Accordingly, we vacate and set aside defendant's conviction and sentence for operating a vehicle while intoxicated, fourth or subsequent offense, and we enter a judgment for operating a vehicle while intoxicated, third offense.  We remand this matter to the trial court for resentencing.

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence for operating a vehicle while intoxicated, fourth or subsequent offense is vacated and set aside.  We enter a judgment of conviction for operating a vehicle while intoxicated, third offense, and we remand this matter to the trial court for sentencing in accordance with this opinion.

**CONVICTION VACATED; SENTENCE VACATED; REMANDED.**