| defendant, Micfrael Anthony Robinson, appeals his convictions and ■ sentences for two counts of .operating a,, motor vehicle while intoxicated, fourth offense. For. the reasons that follow, we affirm defendant’s convictions, amend his sentences and affirm as'amended, and remand the case for correction of the uniform commitment.[1]
On July 15, 2013, defendant was'charged with two counts of operating a motor vehicle while intoxicated, fourth offense, in violation of La. R.S. 14:98(A)(E).[2] After the denial of his pre-trial motions, on February 2,2015, defendant withdrew his former pleas of not guilty, and entered pleas of guilty as charged to both counts. Defendant was then sentenced to twenty-five years at hard'labor on each count,’with each count to run concurrently, and three years on each count to be'served without bénefit Of probation, parole, or suspension of sentence.
IsThe district court granted defendant an out-of-time appeal on August 10, 2015, and this appeal now follows.
*214 Because defendant pled guilty without proceeding to trial, the following facts are taken from a limited record on appeal. Pursuant to the bill of information, on or about December 2, 2012, and on or about February 10, 2013, defendant violated La. R.S. 14:98(A)(E), in that he willfully and unlawfully operated a motor vehicle while intoxicated while having three previous DWI convictions.[3] Additionally, during the guilty plea colloquy, the State provided a factual basis for the guilty plea.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Accordingly, appellate counsel’s brief sets forth that it is filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), which set forth the procedure appellate counsel should follow when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.
In the instant case, appellate counsel purports that she reviewed the.procedural history of the case in her brief. She sets forth that, after a review of the record, she has found no non-frivolous issues to present on appeal. Appellate counsel asserts that defendant’s plea was not entered under State v. Crosby.[4], Appellate counsel specifically notes that she considered whether to raise the issue of coercion of the plea and was compelled to conclude that such a claim would be frivolous based on the appellate record presented. Counsel also considered the Rclaim of excessiveness of the sentence, but ultimately concluded that this claim would be frivolous. Counsel contends that the trial court reviewed th'e plea, conducted a proper colloquy, and’informed defendant of his sentence‘during the' colloquy.
Accordingly, appellate counsel requests to withdraw from further representation of defendant." Appellate counsel advised this Court that she notified defendant of the filing of this motion, informing him of his right to file a pro se brief in this appeal. Additionally, we note that this Court sent defendant a letter by certified mail advising him that an Anders brief had been filed and that he had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
The State responds that appellate counsel’s brief satisfies all the necessary requirements for an Anders withdrawal. It notes that the brief filed by appellate counsel shows a conscientious and thorough review of the procedural history and agreed with appellate counsel that after a careful review of the record, there were no non-frivolous issues to present. Further, the State asserts that defendant was properly charged in the bill of information, that defendant was present at all crucial stages, and nothing in the pleadings or transcripts provide any arguable basis for an appeal. The State also notes that defendant’s guilty plea was freely and voluntarily made, the trial court fully explained to defendant the rights he was waiving by pleading guilty, and defendant was sentenced in accordance with his plea agreement.
This Court has-performed an independent, thorough review of the pleadings, minute entries, bills of information, ten *215 script, guilty plea colloquy, and guilty plea | ¿form in the appellate record. La.C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of . the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. We note that although defendant was told of the correct maximum and minimum sentences he faced, defendant was not advised of the restriction of benefits he faced for the offenses until after the trial court accepted his guilty pleas and sentenced defendant. Any variance from the procedure required by Article 556.1 that does not affect the substantial rights of the accused shall not invalidate the plea. La.C.Cr.P. art. 556.1(E). As such, we find that the failure to properly advise defendant during the colloquy of the restriction of benefits that were statutorily mandated and would be imposed was harmless error. Here, the record, as a whole, supports a finding that defendant knew the consequences of his guilty pleas, as well as the sentences he would receive, and conferred with his attorney before entering his guilty pleas. By signing the waiver of rights form, defendant also indicated that he understood the sentences he would receive. There is no indication in the record or suggestion by defendant that there was any inducement regarding the restriction of benefits in this case. Accordingly, we do not find that this error presents an issue for appeal.
Our further independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. Accordingly, defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw, which has been held in abeyance pending disposition of this matter, is granted.

Error Patent Review:

Appellate counsel requésts an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990) regardless of whether a defendant makes such a request.
First, we note that neither the sentencing transcript, the minute entry from the daté of sentencing, the uniform commitment order, nor the guilty plea form reflect that the trial court imposed the mandatory fine on each count provided by La. R.S. 14:98(A)(E) which states: “on a conviction of a fourth or subsequent offense ... the offender .shall be fined five thousand dollars.” As such defendant received illegally lenient sentences. While finding the omission of the imposition of a fine in . such cases to be error, this Court has, as a matter of discretion pursuant to La.C.Cr.P. art. 882, declined to correct an illegally lenient sentence based on the defendant’s indigent status. State v. Campbell, 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842. In the present case, defendant is indigent as indicated by his representation by the Louisiana Appellate Project, which provides appellate services for' indigent criminal defendants in non-capital felony cases. Due to defendant’s indigent status, we decline to.remand this matter for imposition of the mandatory fines.
Next, defendant’s sentences are illegal because of the restriction of benefits imposed. Defendant was sentenced on both counts to twenty-five years imprisonment at hard labor with the first three years to be served without benefit of parole, probation, or suspension of sentence. Defendant’s convictions on the two counts of operating a motor vehicle while intoxi *216 cated, fourth offense, La. R.S. 14:98(A)(E), only provides for a restriction of parole, probation, or suspension of sentence for the first two years. When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized, in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts. “should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should' correct the | sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’” State v. Sanders, 04-17 (La.5/14/04), 876 So.2d 42 (per curiam). Accordingly, we amend defendant’s sentences to reflect that only two years of the sentences imposed are to be served without the benefit of parole, probation, oh suspension óf séntence. We order the clerk of this Court transmit notice to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See State v. Richard, 12-310, p. 13 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La.12/2/13), 126 So.3d 497.
Further, the uniform commitment order only reflects the offense date as December 2, 2012, the offense date for the first count of operating a motor vehicle while intoxicated, fourth offense. However, the uniform commitment order fails to reflect the offense date for count two, operating a motor vehicle while intoxicated, fourth offense, occurring on February 10, 20Í3. We therefore remand this matter for correction of the uniform commitment order regarding the offense dates and further direct the Clerk of Court to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department. State v. Lyons, 13-564, p. 9 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-481 (La.11/7/14), 152 So.3d 170.
CONCLUSION
Accordingly, for the foregoing reasons, we affirm defendant’s convictions for operating a motor vehicle while intoxicated, fourth offense, in violation of La. R.S. 14:98(A)(E), and amend his sentences to reflect that only two years of the sentences imposed are to be served without the benefit of parole, probation, or suspension of sentence. Defendant’s sentences are affirmed as amended. We |sfurther remand this matter for correction of the uniform commitment order as detailed in this opinion. Appellate counsel’s motion to withdraw as attorney of record is granted.

. This memorandum opinion is issued in compliance with Uniform Rules — Courts of Appeal Rule’2-16,1(B).

. On January 20, 2015, the bill of information was amended to correct the docket' number in the third predicate offense.

. The bill of information specified that the first conviction was on July-17, 2002, under docket number 00-3473, in Division N, of the Twenty-Fourth Judicial District Court of jef-ferson; the second conviction was on February 17, 2005, under docket number 04-5622, in Division H, of the Twenty-Fourth judicial Court of Jefferson, for conduct occuring under item #K-34457-01; and the third conviction was bn February 17, 2005, under docket number 04-5622, in Division H, of the Twenty-Fourth Judicial District Court of jefferson for conduct occurring under item #C-14152-02.

. State v. Crosby, 338 So.2d 586 (La.1976).