CHAISSON, J.
11 Defendant, Gerald Dominick, appeals his conviction and sentence for failure to comply with sex offender registration requirements. For the reasons set forth herein, we affirm defendant’s conviction and sentence and remand the matter for the correction of errors patent as noted herein.
PROCEDURAL HISTORY
On April 29, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with a violation of La. R.S. 15:542, “in that he did fail to comply with mandates of his registration as a convicted sex offender, by failing to appear for his initial registration with the sheriffs office.” At the April 30, 2015 arraignment, defendant pled not guilty.
A sanity commission was thereafter appointed to determine defendant’s competency to proceed to trial. Following a hearing on September 2, 2015, the trial court found defendant incompetent to proceed to trial and remanded him to a state mental health hospital. On March 9, 2016, the trial court conducted another competency hearing, at which time defendant was found competent to proceed to trial. Defendant thereafter withdrew his former plea of not guilty and entered a plea of not guilty and not guilty by reason of insanity.[1]
On April 21, 2016, the State amended the bill of information to charge defendant with failure to comply with the sex offender registration requirements, second offense, in violation of La. R.S. 15:542. Defendant thereafter entered a plea of not guilty and not guilty by reason of insanity to the amended bill. The matter proceeded to trial before a twelve-person jury on June 21 and 22, 2016. After considering the evidence presented, the jury found defendant guilty as charged.
|2On July 22, 2016, defense counsel filed a motion for post-verdict judgment of acquittal and a motion for new trial, in which he raised claims relating to the sufficiency of the evidence.[2] On July 25, 2016, the trial court denied these motions and thereafter sentenced defendant to five years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.[3] Defendant now appeals.
FACTS
On June 25, 1984, defendant pled guilty to forcible, rape and was sentenced to seventeen years imprisonment at hard labor. Upon his release from prison for this offense, defendant failed to maintain his registration as a sex offender and was subsequently charged with a violation of La. R.S. 15:542. On April 5, 2011, defendant pled guilty to failing to register as a sex offender and was sentenced to two years imprisonment at hard labor. On January 4, 2013, defendant completed his sentence and was released, from confinement at the *959 Madison Parish Detention Center in Tallu-lah, Louisiana.
On the date of his release, Robert Clements, a supervisor with the Louisiana Division of Probation and Parole, met with defendant at the correctional center, provided him with a certificate of release, and informed him of the registration and notification requirements for a convicted sex offender. During his trial testimony, Mr. Clements recalled explaining the laws regarding sex offender registration and notification requirements to defendant. He provided a form to defendant entitled “Louisiana Sex Offender Registration and Notification Requirements” reflecting these laws and read out loud the requirements to defendant, as he does for every sex offender being released. He described defendant as cooperative and compliant. | aWhile going over the forms with Mr. Clements, defendant initialed the provisions, thereby recognizing that the requirements of initial registration and initial notification were read and explained to him, including the condition that he had to report in person to the appropriate law enforcement agency within three days of his release and that failure to comply with the above requirements would result in a charge under La. R.S. 15:542.1.4. At the end of the requirements form, Mr. Clements printed defendant’s name, his address as Marrero, LA 70072,[4] and the date. Defendant then signed his name, acknowledging that all applicable requirements of sex offender registration and notification had been explained to him and further acknowledging receipt of the form.
Despite this notification of the registration requirements by Mr. Clements, defendant did not report to the sheriffs office to register. At trial, Lieutenant Luis Mung-uia, who is in charge of Jefferson Parish sex offender registration, testified that he became aware of defendant’s non-compliance through an anonymous tip. After investigating the matter and verifying that defendant had failed to register as a sex offender, Lieutenant Munguia obtained a warrant for his arrest. On March 5, 2015, pursuant to the warrant, Detective Harley Smith of the Jefferson Parish Sheriffs Office arrested defendant at the Discount Zone on the Westbank Expressway, where defendant was working. As a result of this arrest, Detective Smith seized defendant’s identification card, which was issued on July 7, 2014, and which failed to denote his status as a sex offender.
Dr. Richard Richoux, an expert in the field of forensic psychiatry and a member of the sanity commission appointed to evaluate defendant, testified at trial regarding defendant’s competency to proceed to trial and his mental condition at the time of the offense. Dr. Richoux first evaluated defendant in August of 2015 to determine his competency to proceed to trial. With regard to this evaluation, Dr. 4Richoux reported that defendant manifested behavioral disinhibition,[5] that he was unable to maintain logical and rational conversations, and that he showed evidence of perseveration.[6] Based on his findings, Dr. Richoux recommended that defendant be found incompetent to proceed to trial. The trial court adopted the recommendation of the *960 sanity commission, found defendant incompetent to proceed to trial, and remanded him to a state mental health hospital for treatment. After defendant was released from the hospital in late January or early February of 2016, Dr, Richoux evaluated him again, and at this point recommended that defendant be found competent to proceed to trial.
Dr. Richoux subsequently evaluated defendant again to determine his sanity at the time of the commission of the offense. After discussing the concept of legal sanity, Dr. Richoux indicated that the crime of failing to register as a sex offender is a crime of omission, and thus, it is “a little bit more difficult in some respects” to evaluate sanity at the time of the offense since it requires evaluation of the mental state of a person when he fails to do something rather than when he takes an active measure. Nonetheless, Dr. Richoux determined that defendant was legally sane at the time of the offense. In discussing his finding, Dr. Richoux noted that defendant was never diagnosed with a psychotic disorder but rather with a mood disorder. According to Dr. Richoux, a person may have active mental health issues that are cause for concern but that nonetheless do not rise to the level of severity necessary to prevent a person from being able to distinguish between right and wrong. In addition, Dr. Richoux remarked that defendant’s reasons for failing to register, that he did not have a permanent address nor a state-issued identification card, factored into his conclusion that defendant was legally sane at the time of the offense.
[^SUFFICIENCY OF THE EVIDENCE
In his sole assignment of -error, defendant challenges the sufficiency of the evidence used to convict him of failure to register as a sex offender, second offense.
On July 22, 2016, defense counsel filed a motion for post-verdict judgment of acquittal, asserting that the guilty verdict was not supported by the evidence presented at trial. In particular, defendant argued that “the jury failed to properly weigh the defendant’s history of mental illness or take into account the added burden his condition as a homeless person had on his inability to understand and meet the state’s registry requirements.” On the same date, defense counsel also filed a motion for a new trial, arguing in part that the verdict was contrary to the law and evidence and did not support a finding of guilt. Specifically, defendant alleged that “the evidence presented at trial tends to show the defendant had a long history of mental illness which obscured his ability to understand the requirements of registry and otherwise affected his ability to comply with the law.” The trial court denied both motions. On appeal, defendant challenges the denial of these motions, arguing that the State failed to prove beyond a reasonable doubt any criminal intent on the part of defendant.
In reviewing the sufficiency of evidence, an appellate court must determine if the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Rather, a reviewing court is required to consider the whole record and determine whether any rational trier of | ñfact would have found guilt be *961 yond a reasonable doubt. State v. Jones, 08-20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
In this matter, defendant was charged with and convicted of failure to register as a sex offender, second offense, in violation of La. R.S. 15:542. In order to support a conviction of La. R.S. 15:542, the State must prove that defendant was convicted of a sex offense as defined in La. R.S. 15:541, that he resided in Louisiana for the period during which he was required to register, and that he failed to register within the requisite time allotted for registration. State v. Flores, 14-642 (La.App. 5 Cir. 12/23/14), 167 So.3d 801, 806; State v. Watts, 09-912 (La.App. 4 Cir. 6/16/10), 41 So.3d 625, 641, writ denied, 10-1685 (La. 1/28/11), 56 So.3d 966. Additionally, since defendant was charged with failure to register, second offense, the State was required to prove that defendant was previously convicted of the crime of failure to register as a sex offender.
On appeal, defendant does not contest his prior conviction of forcible rape, for which he was required to register as a sex offender. Additionally, he does not contest that he resided in Louisiana, that he failed to register as required by La. R.S. 15:542, or that he was previously convicted of failure to register as a sex offender. Undoubtedly, the evidence presented at trial showed that defendant was previously convicted of forcible rape and was sentenced to seventeen years imprisonment at hard labor. Upon his release from incarceration, defendant failed to comply with the registration requirements and was charged with failure to register as a sex offender. He pled guilty to that offense and was sentenced to two years imprisonment at hard labor. Upon his release from confinement, defendant was advised of the registration and notification requirements for a convicted sex offender. However, defendant, who was residing in Marrero, failed to register with the sheriffs office in Jefferson Parish or anywhere else from the time he was released from custody in January of 2013 until his arrest in March of 2015.
17These facts are not disputed. Rather, defendant argues that the State failed to show criminal intent. In his appellate brief, defendant maintains that his only “crime” was that he was “mentally ill, poor, and homeless.” Defendant generally maintains that he thought he could not register due to the fact that he was homeless and had no address. To support his argument about intent, defendant further points out that he was previously found incompetent to proceed to trial in 2015 and was rehabilitated at a state hospital for several months, that he did not flee or resist when the police came to arrest him at work, and that none of the paperwork he signed upon his release from incarceration told him that he still had .to register even if he was homeless.
In the present case, defendant’s arguments fail as intent is not an element of the offense of failure to register as a sex offender.[7] In State v. Watts, 41 So.3d at 639, the Fourth Circuit stated:
La. R.S. 14:8 plainly recognizes that certain conduct is criminal even in the absence of criminal intent. Additionally, La. R.S. 14:11 provides that in some crimes “no intent is required.” While offenses that dispose of a scienter requirement are not favored, the United States Supreme Court has noted that the legislatures’ authority to define a criminal offense includes the power to *962 “exclude elements of knowledge and diligence from its definition.” Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1958). See also Powell v. Texas, 392 U.S. 514, 545, 88 S.Ct. 2145, 2160, 20 L.Ed.2d 1254 (1968) (Black, J. concurring) (“[L]egislatures have always been allowed wide freedom to determine the extent to which moral culpability should be a prerequisite to conviction of a crime.”). The Louisiana Legislature has determined that specific or general intent is not a necessary element of every crime. La. R.S. 14:8. Therefore, proof of whether the defendant’s failure to register as a sex offender was intentional plays no part in determining the defendant’s guilt of the instant offense.
Additionally, this Court, in State v. Flores, 167 So.3d at 807, discussed the elements of the offense of failure to register as a sex offender. This Court addressed the defendant’s arguments that in order to sustain a conviction under La. |sR.S. 15:542, the State must prove that: 1) a defendant must understand what is required of him in order to register; and 2) a defendant must have the financial ability to comply with the cost of registration. In finding no merit to the defendant’s arguments, this Court stated: “Defendant’s appreciation of La. R.S. 15:542 is misplaced. Neither asserted requirement is an ‘element’ of the charged offense.” Flores, supra. With regard to the defendant’s argument relating to the inability to pay the cost of registration, this Court explained:
The Louisiana Supreme Court addressed the issue of costs associated with sex offender registration in State ex rel. Olivieri v. State, 00-0172 (La. 2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). In Olivieri, the defendants asserted that the sex offender registration requirement violated ex post facto prohibitions of the federal and state constitutions and that the cost of compliance with the requirement was unduly burdensome. While acknowledging that such costs could be “weighty,” the Court also recognized that such expenses are a “necessary part of the regulatory scheme,” and “that the economically harsh results of [the] well justified system of public notification is not the result of governmental action, but as a consequence of the sex offenders’ crimes.” Id. at 749.

Id.

Given this jurisprudence, we find no merit to defendant’s argument that the State failed to prove intent. Clearly, intent is not an element of the crime, and the fact that defendant was poor and homeless is not relevant to a determination of the sufficiency of the evidence to support his conviction. We note that as part of his argument, defendant references the fact that the paperwork he received upon his release from confinement did not provide instructions as to what to do or whether to report to the sheriffs office even if he did not have a permanent residence. As noted by the Third Circuit in State v. Ball, 16-653 (La.App. 3 Cir. 12/7/16), 209 So.3d 793, “... Defendant’s knowledge about the nuts and bolts of sex offender registration and notification is not relevant to a determination of the sufficiency of the evidence to support his convictions.”
19With regard to defendant’s mental illness, the jury, in the present case, heard the testimony of Dr. Richoux discussing defendant’s mental health issues and obviously found that defendant failed to prove by a preponderance of the evidence that he was insane at the time of the offense. Defendant does not argue on appeal that he met this burden of proof, but rather points to his mental illness as a factor that *963 hampered his ability to understand what was required of him insofar as the registration requirements for a convicted sex offender and that prevented him from forming the criminal intent to actively fail to register. Louisiana does not recognize the defense of diminished capacity. A mental disease or defect short of insanity cannot serve to negate an element of the crime. State v. Wise, 13-247 (La.App. 5 Cir. 11/19/13), 128 So.3d 1220, 1225, writ denied, 14-253 (La. 9/12/14), 147 So.3d 703.
While we are sympathetic to defendant’s circumstances, intent is not an element of the offense of failure to comply with the sex offender registration requirements. Therefore, his arguments that his homelessness, poverty, and mental illness prevented him from forming criminal intent and hampered his ability to understand what was required of him are without merit.
Considering the foregoing, we find that the evidence was sufficient for any rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of failure to register as a sex offender, second offense. As such, we find that the trial court did not err in denying defendant’s motions for post-verdict judgment of acquittal and new trial.
ERRORS PATENT REVIEW
We have also reviewed the record for errors patent, in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals several errors. First, our review of the record indicates that the April 22, 2016 minute entry incorrectly 11flreflects that defendant entered a plea of not guilty to the amended bill of information. The record is clear that defendant actually entered a plea of not guilty and not guilty by reason of insanity. To ensure accuracy in the record, we remand this matter for correction of the April 22, 2016 minute entry to reflect defendant’s plea of not guilty and not guilty by reason of insanity.
We further note that defendant’s sentence is illegally lenient in that it was imposed without the mandatory fine of three thousand dollars, as provided in La. R.S. 15:542.1.4(A)(2). The appellate court has the authority to correct an illegally lenient sentence at any time. This Court has used that authority under La, C.Cr.P. art. 882 to correct an illegally lenient sentence or to remand the matter to the trial court for imposition of a mandatory fine.
However, often in cases involving indigent defendants, this Court has decided not to use this authority. See State v. Robinson, 15-610 (La.App. 5 Cir. 1/27/16), 185 So.3d 212, 215 (where this Court declined to remand for imposition of a mandatory fine due to the defendant’s indigent status). In the present case, defendant is apparently indigent, as reflected by his representation in this matter by the Louisiana Appellate Project. As such, despite the State’s request that we correct this illegally lenient sentence, we decline to do so.
Lastly, we note that the State of Louisiana Uniform Commitment Order incorrectly reflects the date of adjudication as July 25, 2016. Rather, the actual date of adjudication was June 22, 2016. To ensure accuracy in the record, we remand the matter to the district court for correction of the Uniform Commitment Order to reflect the correct date of adjudication. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to legal department of the *964 Louisiana Department hof Public Safety and Corrections. See State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-481 (La. 11/7/14), 152 So.3d 170.
Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence for failure to register as a sex offender, second offense, and remand the matter for the correction of errors patent as noted herein,
AFFIRMED; REMANDED WITH INSTRUCTIONS

. A sanity commission was appointed to determine defendant's mental condition at the time of the offense.

. It is noted that defendant filed a pro se “Motion for Appeal and New Trial” prior to sentencing. The trial court denied defendant’s motion for new trial. With regard to defendant’s motion for appeal, the transcript from July 25, 2016, indicates that the trial court advised defendant as follows: "you’re entitled to appeal as a matter of right, so I will grant your motion for appeal. Mr. Duffy will take care of that—so that’s premature at this point.” Subsequent to sentencing on July 25, 2016, Mr. Duffy, defendant's attorney, filed a written motion for appeal, which was granted on July 26, 2016.

.The penalty provisions for the crime of failure to register as a sex offender are set forth in La. R.S. 15:542.1.4.

. At the time of his release, defendant informed Mr. Clements that he would be residing in Marrero, but he did not specify the street address or place he would be living.

. Dr. Richoux testified that behavioral disin-hibition is a "fancy way of saying he was impulsive.”

. Dr. Richoux explained perseveration as going "back to the same thing over and over and over again even though we’re trying to discuss a different issue with him.”

. It is noted that in the jury charges, the trial court specifically advised the jury that "La. R.S. 15:542 does not require intent as an element of the crime of failure to register as a sex offender.”