STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1462

STATE OF LOUISIANA

VERSUS

THELMA LOUISE BROWN

Judgment Rendered: **AUG 0 5 2020**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 607,426

Honorable Martin E. Coady, Judge Presiding

* * * * *

Warren L. Montgomery
District Attorney
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, LA

Attorneys for Appellee,
State of Louisiana

Gwendolyn K. Brown
Baton Rouge, LA

Attorney for Defendant-Appellant,
Thelma Louise Brown

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

The defendant, Thelma Louise Brown, was charged by bill of information with failure to register and notify as a sex offender, second or subsequent offense, a violation of La. R.S. 15:542.1.2. She pled not guilty and, following a jury trial, was found guilty as charged. The defendant was sentenced to five years imprisonment without benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating two assignments of error.

## FACTS

Deputy Angelina Cook, with the St. Tammany Parish Sheriff's Office sex offender registry, testified at trial that one of the registrants she monitored was the defendant, a convicted sex offender who had been released from jail in April of 2018. According to Deputy Cook, the defendant came to her office on July 6, 2018, to fill out a change of address form, as required by law. The defendant indicated that she was relocating from a West Spruce Street address in Lacombe to the new address of 26321 Highway 190 in Lacombe. The defendant was given until July 27, 2018, to return to Deputy Cook with an updated Louisiana State I.D. and a money order to complete the community notifications that are mailed out. Deputy Cook indicated this was not the first time the defendant had failed to register as a sex offender.[1]

On or around July 19, 2018, the defendant called Deputy Cook and told her that her supervised parole was ending shortly and that she was planning to complete a change of address form for a new address at 60207 Highway 434 in Lacombe. The defendant, however, never went to Deputy Cook's office to fill out a change of address form. On July 27, 2018, the defendant called Deputy Cook at her office and indicated that she had been living at the 60207 Highway 434 address. Deputy Cook recorded these last several phone calls between her and the defendant because she

---

[1] At trial, the State and defense counsel stipulated that the defendant was a convicted sex offender and "was required to register as a convicted sex offender in accordance with law at the time of the date of offense on the bill of information specifically in July of 2018." They further stipulated the defendant had been convicted twice of failing to register as a convicted sex offender.

felt the defendant had been in violation of the law for failing to inform her in person and within three business days that she had changed her address.

Deputy Ryan Eberts, with the St. Tammany Parish Sheriff's Office, was tasked with confirming the addresses of sex offenders. On July 13, 2018, Deputy Eberts went to the trailer at the 26321 Highway 190 location to confirm the defendant was living there. The trailer was vacant with no power. Deputy Eberts then went to 60207 Highway 434 address, also known as the Batiste apartments, to check on other sex offenders. There were several portable buildings or apartments at this address where the sex offenders lived. Deputy Eberts found the defendant there.

At a later date, Deputy Cook contacted Deputy Eberts by email and asked for a written statement from him about this occurrence. Deputy Eberts sent Deputy Cook an email on July 25, 2018. The email indicated that Deputy Eberts came into contact with the defendant on July 13 at the Batiste apartments at 60207 Highway 434. Deputy Eberts wrote: "Brown stated she was in the process of changing her address and provided what appeared to be a form for change of address. DFC Eberts notated this discrepancy on the form."

The defendant testified at trial that she had twice been convicted of failing to register as a sex offender. The defendant indicated that while she had provided Deputy Cook with the 26321 Highway 190 address as the place she was living, she was not living there. The defendant explained that she had made friends at the 60207 Highway 434 address and felt like she belonged.

## ASSIGNMENT OF ERROR NO. 1

In her first assignment of error, the defendant argues the evidence was insufficient to support the conviction. Specifically, the defendant contends that the facts adduced at trial were insufficient to show she engaged in acts or omissions that

3

meet the definition of "failure to notify the authorities of a change of address, residence, or other required registration information."

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See La. Code Crim. P. art. 821(B); **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So.2d 654, 660. The **Jackson** standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. **State v. Patorno**, 2001-2585 (La. App. 1st Cir. 6/21/02), 822 So.2d 141, 144.

The defendant was charged with failure of a registered sex offender to notify the proper authorities of a change of address, residence, or other required registration information (second or subsequent offense). Louisiana Revised Statutes 15:542.1.2 provides in pertinent part:

> A. Unless an earlier time period is otherwise specified in the provisions of this Chapter, those persons required to register pursuant to the provisions of this Chapter shall appear in person at the sheriff's office in the parish of residence, or the police department in the case of a municipality with a population in excess of three hundred thousand, where the offender is currently registered to update information within three business days of establishing a new or additional physical residential address or of changes in information previously provided when any of the following occur:
>
> (1) The offender changes his place of residence or establishes a new or additional residence.

The defendant was not living at the 26321 Highway 190 address, which she had provided to Deputy Cook. Checking on other sex offenders at the 60207

4

Highway 434 address, Deputy Eberts encountered the defendant there. The defendant suggests in brief that, while at "first blush," these facts suggest a violation of her registration requirements, the record and evidence as a whole disputes this conclusion. The defendant argues in brief that she was not living at the 60207 Highway 434 address but was only temporarily staying there. The defendant suggests she was awaiting the availability of her permanent address at 26321 Highway 190, which was also the address she provided to Deputy Cook.

According to the defendant in brief, she made arrangements to live in the trailer at the 26321 Highway 190 location and had even spent several days cleaning up the trailer. The defendant suggests she thought she was in compliance because she saw Deputy Cook on July 6, 2018, wherein she completed the change of address form. During the next two weeks, while the defendant was still at the 60207 Highway 434 address, Deputy Cook did not know of the defendant's whereabouts. The defendant suggests this was insufficient to prove a violation because she did not *establish* a new address, pursuant to La. R.S. 15:542.1.2(A)(1), but instead was staying only temporarily at the apartment at the 60207 Highway 434 address.

The parties at trial stipulated that the defendant was required to register as a sex offender and that she had been twice convicted of failure to register or notify as a sex offender. The only issue, thus, was whether the defendant failed to notify the proper authorities that she had changed her place of residence or established a new or additional residence.

The defendant had been living at 25650 West Spruce Street. The defendant was evicted from this address and, on July 6, 2018, she completed a change of address form, which indicated that her new address was 26321 Highway 190 in Lacombe. The effective date of the move was actually July 4, 2018. The defendant never moved to the 26321 Highway 190 address, but instead was found living in an apartment at 60207 Highway 434. The defendant never provided any authority a

5

change of address form regarding the 60207 Highway 434 location. Accordingly, the jury correctly found that the defendant violated La. R.S. 15:542.1.2(A)(1), which required that within three business days of her having moved to 60207 Highway 434, she was required to fill out a change of address form with the 60207 Highway 434 address.

The defendant's assertions notwithstanding, the documentary and testimonial evidence adduced at trial established that the defendant had been living at the 60207 Highway 434 address with no intention of leaving, and that she had no intention of moving to 26321 Highway 190, the address provided on the change of address form. The only reason the defendant was even located was that Deputy Eberts saw her at the 60207 Highway 434 address while he was there checking on *other* registered sex offenders. Before arriving at the 60207 Highway 434 address, Deputy Eberts had gone to the 26321 Highway 190 address to make contact with the defendant. According to Deputy Eberts, no one answered the trailer door. Further, branches had to be cleared away to access the front door, vegetation was growing around the trailer, and there was no power running to the trailer.

Agent Alicia Hemingway, with the Division of Probation and Parole, testified that she supervised the defendant, who had been on parole from about April 13, 2018 to July 25, 2018. The defendant was required to wear an ankle monitor. The ankle monitor provided a GPS location of the defendant. Agent Hemingway testified that on July 1 and July 2 of 2018, the defendant was at her approved address on West Spruce Street. From July 3 to July 5 of 2018, the defendant was at the 60207 Highway 434 address. Then for about two weeks, the defendant's whereabouts were unknown because she had not recharged her ankle monitor. It was recharged on July 19, 2018, and indicated the defendant was at the 60207 Highway 434 address. According to Agent Hemingway, the defendant had not filled out a change of address form with her. The defendant had never received approval from Probation and

6

Parole to move to the 60207 Highway 434 address. Further, Probation and Parole was unaware of the 26321 Highway 190 address.

The defendant indicated at trial that she knew she had an obligation to charge her ankle monitor. The defendant thought she had not recharged the ankle monitor for only a couple of days. When asked on direct examination why she did not go live at the 26321 Highway 190 address, the defendant indicated that she had connected with friends when she was at apartment "H" (at the 60207 Highway 434 address). She had not had friends for a while and "it just felt nice to be somewhere where I felt like I belonged." When she moved from apartment "H" to apartment "A" (at the same 60207 Highway 434 address), the defendant testified she felt like she was surrounded by people that would accept her and be friends.

Based on the foregoing, a rational juror could have concluded the defendant did not register the 60207 Highway 434 address that she was living at with the St. Tammany Parish Sheriff's Office sex offender registry and, as such, failed to comply with La. R.S. 15:542.1.2(A)(1). It is the trier of fact who makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness; thus, a reviewing court may impinge on the fact finder's discretion "only to the extent necessary to guarantee the fundamental protection of due process of law." **State v. Tate**, 2001-1658 (La. 5/20/03), 851 So.2d 921, 929, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). See **State v. Weary**, 2003-3067 (La. 4/24/06), 931 So.2d 297, 311-12, cert. denied, 549 U.S. 1062, 127 S.Ct. 682, 166 L.Ed.2d 531 (2006).

The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder's determination of guilt. **State v. Taylor**, 97-2261 (La. App. 1st Cir. 9/25/98), 721 So.2d 929, 932. We are constitutionally precluded from acting as a "thirteenth juror" in assessing what weight to give evidence in criminal cases.

**State v. Mitchell**, 99-3342 (La. 10/17/00), 772 So.2d 78, 83. The fact that the record contains evidence which conflicts with the testimony accepted by a trier of fact does not render the evidence accepted by the trier of fact insufficient. **State v. Piper**, 2018-1796 (La. App. 1st Cir. 9/27/19), 287 So.3d 13, 25. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. **State v. Higgins**, 2003-1980 (La. 4/1/05), 898 So.2d 1219, 1226, cert. denied, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005).

After a thorough review of the record, we find the evidence supports the jury's verdict. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of failure to register as a sex offender, second or subsequent offense. See **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (per curiam).

This assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In her second assignment of error, the defendant argues the trial court erred in restricting her right to present a defense.

According to the defendant, the trial court improperly excluded relevant evidence regarding her diminished capacity. The defendant notes the trial court granted the State's pretrial motion in limine, which sought to exclude any mention that the defendant suffered from bipolar disorder or any other mental disease or defect. The defendant suggests that her mental deficiencies were relevant to her ability to appreciate the responsibilities imposed by the registration requirements. The defendant continues in brief that the fact of her deficiencies did not eliminate the State's burden to prove that she possessed the requisite intent to commit the charged conduct.

8

The defendant's assertions are groundless. The defendant pled not guilty to the charged offense, rather than not guilty and not guilty by reasons of insanity. It was for this reason the State filed the motion in limine in the first instance. It is well-settled that when a defendant is tried upon a plea of not guilty, evidence of insanity or mental defect at the time of the offense shall not be admissible. La. Code Crim. P. art. 651; **State v. Holmes**, 2006-2988 (La. 12/2/08), 5 So.3d 42, 74, cert. denied, 558 U.S. 932, 130 S.Ct. 70, 175 L.Ed.2d 233 (2009). Thus, Louisiana does not recognize the doctrine of diminished capacity absent a dual plea of not guilty and not guilty by reason of insanity. **State v. Deboue**, 552 So.2d 355, 366 (La. 1989), cert. denied, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 174 (1990). See **State v. Stewart**, 93-0708 (La. App. 1st Cir. 3/11/94), 633 So.2d 925, 934, writ denied, 94-0860 (La. 9/16/94), 642 So.2d 189.

The defendant also suggests her deficiencies did not eliminate the State's burden to prove intent. The crime of failure to register as a sex offender is a general intent crime. See **State v. Lomas**, 2014-1300 (La. App. 1st Cir. 3/9/15), 2015 WL 1019529, at *3. In general intent crimes, the criminal intent necessary to sustain a conviction is established by the very doing of the proscribed act. **State v. Williams**, 2003-3514 (La. 12/13/04), 893 So.2d 7, 16. General criminal intent exists when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). As set out in the first assignment of error, the State clearly established the defendant knew she was required to register, yet failed to act accordingly. See **State v. Dominick**, 2016-733 (La. App. 5th Cir. 5/17/17), 222 So.3d 956, 961-63 (finding meritless defendant's argument that his homelessness, poverty, and mental illness hampered his ability to understand what was required of him regarding registration requirements for a convicted sex offender). See also **State v. Cook**, 2016-1518 (La. 5/3/17), 226 So.3d

9

387 (per curiam) (finding that even persons who are found not guilty of a sex offense by reason of insanity are nevertheless subject to the sex offender registration and notification requirements).

Based on the foregoing, the trial court did not restrict the defendant's right to present a defense. Accordingly, this assignment of error is without merit.

## SENTENCING ERROR

Louisiana Revised Statute 15:542.1.4(A)(2) provides that upon second or subsequent convictions for failure to register and notify as a sex offender, the offender shall be fined three thousand dollars and imprisoned with hard labor for not less than five years nor more than twenty years without benefit of parole, probation, or suspension of sentence. The trial court did not impose the mandatory three thousand dollar fine under La. R.S. 15:542.1.4(A)(2). While the sentence imposed is illegally lenient, it is not inherently prejudicial. Further, the sentencing error was not raised by the State in either the trial court or on appeal. Therefore, we decline to correct the illegally lenient sentence. See **State v. Price**, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. Additionally, the minutes indicate that the sentence is at hard labor, but in the sentencing transcript, the trial court failed to provide that defendant's sentence be served with hard labor.[2] Accordingly, we amend the defendant's sentence to reflect that it be served at hard labor. As amended, the sentence is affirmed.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF THE COMMITMENT ORDER, AND FOR TRANSMISSION OF THE AMENDED RECORD TO THE DEPARTMENT OF CORRECTIONS.**

---

[2] Generally, when there is a discrepancy between the minutes and the transcript, the transcript must prevail. **State v. Lynch**, 441 So.2d 732, 734 (La. 1983).

10